ISLAND NEEDLEWORK, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 64.—*Sometido:* Diciembre 17, 1945. *Resuelto:* Febrero 20, 1946.

*J. J. Ortiz Alibrán,* abogado de la peticionaria; *Hon. Procurador General E. Campos del Toro* y *J. B. Fernández Badillo,* abogado éste

de la División de Contribuciones y Litigios Especiales del Departamento de Justicia, abogados todos del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El Tesorero de Puerto Rico ha solicitado la desestimación del presente recurso. El fundamento de su moción es que habiéndose interpuesto el recurso después de haber expirado el término de treinta días, contados desde la fecha de la notificación de la resolución recurrida, este Tribunal carece de jurisdicción para conocer del mismo.

La resolución recurrida, dictada el 26 de junio de 1945, fué notificada a la corporación recurrente y copia de la misma archivada con los autos, en 28 de junio de 1945.

Habiéndose radicado el cómputo de la contribución que debería pagar la peticionaria y no habiendo ésta formulado objeción alguna a dicho cómputo, en septiembre 5 de 1945 el Secretario del Tribunal de Contribuciones de Puerto Rico notificó a la contribuyente la finalidad de la resolución dictada por dicho Tribunal el 26 de junio de 1945. Dicha notificación fué hecha conforme a lo dispuesto en la Regla Núm. 29 de las Reglas de Práctica del referido Tribunal. En septiembre 28 la peticionaria pagó bajo protesta el balance de la contribución, ascendente a $795, más $125.21 por concepto de recargos hasta la fecha del pago. En octubre 4 de 1945 la peticionaria instó el presente recurso.

En apoyo de su moción de desestimación alega el Tesorero que el término para recurrir para ante este Tribunal contra una resolución del Tribunal de Contribuciones, por la cual no se ordene al Tesorero que haga un nuevo cómputo de la contribución, es de treinta (30) días a partir de la notificación de la resolución al contribuyente; que en la resolución objeto del presente recurso, no se ordenó al Tesorero que hiciera un nuevo cómputo de la cantidad que la contribuyente debía pagar al Tesoro Insular; y que no

siendo necesario que el Tesorero radicase un nuevo cómputo, quedó automáticamente vigente el que originalmente practicó dicho funcionario. Termina el Tesorero citando nuestra decisión en *Standard Oil Co. v. Tribunal de Contribuciones*, 64 D.P.R. 672, donde dijimos:

"Cuando la decisión del Tribunal, determinando la existencia de una deficiencia, no ordene al Tesorero que haga un nuevo cómputo de la cantidad que el contribuyente deberá satisfacer al Tesoro Insular, el contribuyente que no estuviere conforme y deseare solicitar la revisión por la Corte Suprema, deberá radicar su petición de certiorari dentro de los treinta (30) días de habérsele notificado la decisión, de acuerdo con la sección 5 de la Ley núm. 169 de mayo 15 de 1943 y de haberse registrado la decisión de acuerdo con la Regla 43; . . . ."

Es cierto que por la resolución que estamos considerando no se ordenó al Tesorero que hiciera un nuevo cómputo. Pero no es menos cierto que la práctica de un nuevo cómputo era absolutamente necesaria para que la contribuyente pudiese conocer con certeza la cantidad exacta que de acuerdo con la ley estaba obligada a pagar bajo protesta, como requisito previo para poder instar el recurso de revisión ante esta Corte.

Los hechos expuestos en la petición y no controvertidos por el Tesorero, demuestran claramente la necesidad de que se hiciera un nuevo cómputo después de dictada la resolución del Tribunal de Contribuciones. La contribución originalmente impuesta por el Tesorero montaba a $980.24, sobre una valoración de $36,990. La corporación contribuyente pagó la parte de la contribución con la cual estuvo conforme —$185.24; y en marzo 23, 1943 formuló su querella impugnando el balance de $795.

Cuando el Tribunal de Contribuciones, en 26 de junio de 1945, o sea dos años y tres meses después de radicada la querella, dictó su resolución confirmando la imposición de la contribución hecha por el Tesorero y desestimando la que-

rella, la contribuyente querellante tenía derecho a que se le informara y el Tesorero tenía el deber de informarle, la cantidad exacta—incluyendo el importe de la contribución, más los intereses, recargos y penalidades—que estaba obligada a pagar para saldar su deuda con el Tesoro Insular o para poder recurrir ante esta Corte Suprema. Prueba evidente de la necesidad de un nuevo cómputo es el hecho de que el Tesorero lo hizo y lo notificó oportunamente a la contribuyente.

Los hechos del caso que estamos considerando nos convencen de que el dictamen que hemos transcrito de nuestra decisión en *Standard Oil Co.* v. *Tribunal de Contribuciones* está equivocado.

La Regla Núm. 29 de las Reglas de Procedimiento del Tribunal de Contribuciones de Puerto Rico, aprobadas en agosto 22, para tener efecto el 15 de agosto de 1943, dispone lo siguiente:

"29. Dentro de un plazo de cinco (5) días después que se le haya notificado la decisión que en cada caso emita el Tribunal, el Tesorero de Puerto Rico procederá a computar y determinar la contribución que deba satisfacer el contribuyente, de acuerdo con los términos de dicha decisión, radicando, acto seguido, en la Secretaría del Tribunal un original de dicho cómputo, certificando que el mismo ha sido notificado, en copia fiel y exacta, al contribuyente, y el Secretario procederá a archivar el mismo en los autos del caso; pero el Tesorero no procederá a cobrar el importe de la contribución así computada y determinada durante los primeros diez (10) días siguientes a dicha radicación. Durante dicho plazo, el contribuyente podrá objetar ante el Tribunal el cómputo o la determinación del Tesorero, en cuyo caso el Tribunal resolverá la objeción, después de oír a las partes sobre el particular y sólo entonces será su resolución final. En caso de que no hubiere objeción dentro del indicado plazo de diez (10) días después de la radicación de dicho cómputo o determinación, el Secretario notificará a las partes la finalidad de la decisión; pero en ningún caso podrá la misma ser ejecutada hasta después de convertida en firme."

En el presente caso, aun cuando el Tribunal de Contribuciones no ordenó al Tesorero que hiciese un nuevo cómputo, dicho funcionario procedió, de acuerdo con lo dispuesto en la Regla 29, supra, a hacerlo y a notificarlo a la contribuyente. Dejó ésta transcurrir el plazo de diez días que le concede dicha Regla para objetar el cómputo. Notificada por el Secretario del Tribunal, en septiembre 5 de 1945, de la finalidad del cómputo, la contribuyente radicó su petición de *certiorari* en octubre 4 de 1945, cuando aún no había expirado el término de treinta días para poder recurrir ante este Tribunal.

El modo más efectivo para hacer cumplir la ley y las reglas adoptadas por el Tribunal de Contribuciones y para la protección de los contribuyentes y mayor orden en los procedimientos, es que en todos aquellos casos en que el Tribunal de Contribuciones dicte una resolución adversa, en todo o en parte, al contribuyente, se disponga por la misma resolución que el Tesorero haga un nuevo cómputo de la contribución que deberá pagar el contribuyente, de acuerdo con los términos de la decisión, incluyendo en dicho cómputo los intereses, recargos y penalidades autorizados por la ley. Si la decisión fuere totalmente adversa al Tesorero y favorable al contribuyente, la práctica de un nuevo cómputo será innecesaria, toda vez que el contribuyente nada tendría que pagar.

*Por las razones expuestas, debe declararse sin lugar la desestimación solicitada por el Tesorero.*