SOL LUIS DESCARTES, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; BANCO DE SAN GERMÁN, INC., interventor.

Núm. 230.—*Sometido:* Junio 9, 1949. *Resuelto:* Junio 14, 1949.

*Hon. Procurador General Vicente Géigel Polanco* y *Edgar S. Belaval,*
*abogado especial éste del Departamento le Justicia,* abogados del
peticionario; *Carlos García Méndez,* abogado del interventor,
querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tri-
bunal.

A solicitud del Tesorero expedimos en este recurso un
auto de *certiorari* para revisar cierta decisión del Tribunal
de Contribuciones. La contribuyente ha radicado una moción
de desestimación por el fundamento de que la petición se
radicó fuera de tiempo. La cuestión a resolver es si la soli-
citud fué radicada transcurridos ya los treinta días después
que el Secretario del Tribunal de Contribuciones notificó a
las partes la finalidad de la decisión del Tribunal. Véase
*Island Needlework, Inc.* v. *Tribunal de Contribuciones,* 65
D.P.R. 723.

La moción se basa en el hecho de que la contribuyente
recibió una carta fechada el 14 de marzo de 1949 suscrita por
el Secretario del Tribunal de Contribuciones notificándole la
finalidad de la decisión, y la petición de certiorari aparece
sellada en este Tribunal el 15 de abril de 1949. Empero, el
abogado de la contribuyente admitió en la vista oral de la
moción que la solicitud fué de hecho radicada en esta Corte
el 14 de abril y no el 15, que era Viernes Santo. Este error
se debió a que el referido jueves 14 el reloj de radicación en
secretaría estaba defectuoso.

Sin embargo, la contribuyente insiste en que aun
cuando la petición se hubiera radicado el 14 de abril, todavía
estaba fuera de tiempo. No estamos conformes, ya que el
Tesorero ha presentado una certificación del Secretario del

Tribunal de Contribuciones acreditativa de que la notificación de finalidad "fué preparada con fecha 14 de marzo de 1949 pero no fué notificada al Hon. Procurador General hasta el día 15 de marzo de 1949 en la cual fecha se le envió al Procurador General por mensajero la notificación de la finalidad de la resolución, todo lo cual consta de los records de este Honorable Tribunal que obran bajo mi custodia."

La contribuyente arguye que esta certificación está en conflicto con el récord original que contiene una carta al Procurador General de fecha 14 de marzo, con una nota al calce de la misma que dice que se envió copia al Negociado de Contribuciones sobre Ingresos. Pero la copia al Negociado no era la notificación que exige la ley. Toda vez que el récord guarda silencio sobre la manera en que se comunicó al Procurador General la carta de notificación, el peticionario tenía derecho a completar el récord con la certificación del Secretario demostrativa de que se le comunicó personalmente el 15 de marzo. En su consecuencia, la solicitud de certiorari radicada el 14 de abril está en tiempo.

Creemos que el Tribunal de Contribuciones debe considerar la conveniencia de adoptar un procedimiento similar al que existe en las cortes de distrito, en virtud del cual el término para radicar el certiorari empezaría a correr simultáneamente para ambas partes; es decir, a partir de la fecha en que el Secretario archiva en autos la notificación de la sentencia. También debiera establecer un sistema mediante el cual sus records originales demuestren afirmativamente cuándo y en qué forma se notificó a las partes.

*La moción de desestimación será declarada sin lugar.*

El Juez Presidente Sr. De Jesús no intervino.