RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; MIGUEL BALLESTER RIPOLL, interventor.

Núm. 193.—*Sometido:* Enero 18, 1949. *Resuelto:* Marzo 30, 1949.

---

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General, y José C. Aponte, Procurador General Interino, en los alegatos) y Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del peticionario; *J. J. Ortiz Alibrán,* abogado del interventor, querellante en el pleito principal.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

Francisco y Miguel Ballester Ripoll son los únicos socios de Ballester Hermanos. Estipula la escritura de sociedad que los beneficios se distribuirán a razón de sesenta por ciento

para Francisco Ballester y cuarenta por ciento para Miguel Ballester. Para los años 1941–42, el Tesorero notificó al socio Miguel Ballester, deficiencias en su contribución sobre ingreso individual montantes a $27,119.82 y $64,459.48, respectivamente. El contribuyente recurrió de la determinación del Tesorero para ante el Tribunal de Contribuciones de Puerto Rico, alegando que no existían tales deficiencias, toda vez que la sociedad no había distribuído dichos beneficios, no los había acreditado a la cuenta personal del querellante, ni en ninguna otra forma los había puesto a su disposición, sino que se hallaban en cuentas especiales. El Tribunal de Contribuciones sostuvo la contención del contribuyente. en todas sus partes, fundándose en que las secciones 4(a) y 15(a) de la Ley de Contribuciones Sobre Ingresos no tienen el alcance de imponer contribuciones a los socios, sobre los beneficios no distribuídos de una sociedad, y que de interpretarse en el sentido propuesto por el Tesorero, tal interpretación haría inconstitucional las secciones 4(a) y 15(a) antes mencionadas, agregando que sólo puede imponerse contribución sobre beneficios no distribuídos de sociedades cuando el caso está comprendido dentro de las disposiciones de la sección 21 de la misma ley. Para revisar esa decisión, hemos expedido el presente auto de *certiorari*.

## I

▮▮▮▮ La sección 15(a), según fué aprobada en 1925, define el "ingreso bruto" en la siguiente forma: "El término 'ingreso bruto' incluye ganancias, beneficios e ingresos derivados de . . . . . intereses, rentas, dividendos, *beneficios de sociedades* . . . . . o de ganancias, utilidades e ingresos derivados de cualquier procedencia; . . . . .". (Bastardillas nuestras.) Y la sección 4(a), según fué aprobada en 1925, definía el término "beneficios" como: ". . . *cualquier distribución hecha por una sociedad a sus socios y partícipes* . . . . .". (Bastardillas nuestras.)

Opinando el Tesorero que la sección 4(a) tal y como fué aprobada en el 1925 incluía beneficios de sociedades *no distribuídos*, dispuso en el artículo 90 del Reglamento: "La participación a distribuir de las ganancias de un socio en una sociedad se considerará como recibida por él, *aunque la misma no se haya distribuído*." (Bastardillas nuestras.)

En el caso de *Behn* v. *Domenech, Tesorero,* 49 D.P.R. 808, se atacó el artículo 90 del Reglamento por el fundamento de que el Tesorero, al aprobarlo, se había excedido en sus poderes de reglamentación, toda vez que dicho artículo iba más lejos que lo que disponía la sección 4(a), ya que ésta no autorizaba la imposición de contribuciones a beneficios no distribuídos. Este Tribunal sostuvo la contención del contribuyente por el fundamento expuesto por éste, sin entrar a considerar si era o no legal imponer contribución de ingresos a un socio por beneficios a que tuviera derecho pero que no hubieran sido distribuídos.

Posteriormente la Legislatura aprobó la Ley núm. 31 de 12 de abril de 1941 ((1) pág. 479) la que, entre otras secciones, enmendó la 4(a), de suerte que desde entonces el término "beneficio" significará: ". . . cualquier participación o *derecho a participación en una sociedad que en los 'beneficios' o utilidades de cualquier sociedad correspondiere a sus socios o partícipes en cada año contributivo"*. (Bastardillas nuestras.)

No cabe duda que la nueva definición del término "beneficios" fué motivada por la decisión en el caso de *Behn* v. *Domenech, Tesorero,* supra. Es verdad que ese caso fué resuelto en el año 1936 y que la enmienda a la sección 4(a) tuvo lugar en el año 1941. Pero ese lapso de tiempo entre nuestra decisión y la enmienda no implica que la Legislatura, al hacer ésta en 1941, no tuviera en mente lo dicho por este Tribunal en el 1936. Que ello es así lo demuestra el hecho de que si hubiera sido la intención legislativa dejar libre de tributos los beneficios no distribuídos de las sociedades, no

se hubiera variado la definición del término "beneficios". Como ya hemos visto, antes de la enmienda de 1941, el término "beneficios" se definía como "cualquier distribución hecha por una sociedad a sus socios", mientras que al enmendarse la ley en 1941, se desechó la frase "cualquier distribución" y se substituyó por la de "cualquier participación o derecho a participación . . . que en los beneficios o utilidades de cualquier sociedad correspondiera a sus socios o partícipes en cada año contributivo". Es verdad que pudo ser más clara nuestra Legislatura si hubiera agregado la frase "aunque no hubieran sido distribuídos"; pero revelado su propósito de imponer el tributo a cualquier beneficio que correspondiera a los socios aunque no hubiera sido distribuído, no debemos menospreciar la intención legislativa simplemente porque el legislador no fué tan explísito como pudo serlo. Esto nos conduce a la conclusión de que bajo la ley de 1941 el término "beneficios" comprende cualquier ganancia o utilidad declarada que corresponda al socio aunque la misma no haya sido distribuída.

En consonancia con la nueva definición, el Tesorero reclama ahora el derecho de imponer tributo a los beneficios que en cantidad de cuarenta por ciento correspondieron al contribuyente durante los años 1941 y 1942. Tanto el Tribunal de Contribuciones como el contribuyente alegan que solamente puede imponerse contribución a beneficios de sociedades no distribuídos cuando se está en el caso de la sección 21.(a) de la Ley de Contribuciones Sobre Ingresos.[1] Pero,

---

[1] La sección 21(a) de la Ley de Contribuciones Sobre Ingresos, prescribe:

"Si una sociedad o corporación, cualquiera que fuere su constitución u organización, se forma o usa con el fin de evadir la imposición de contribución adicional a sus socios o accionistas, valiéndose del medio de acumular sus ganancias y beneficios en vez de ser éstos divididos o distribuídos, se impondrá, cobrará, y pagará por cada año contributivo sobre el ingreso neto de dicha sociedad o corporación una contribución igual al 50 por ciento de dicho ingreso neto en adición a la contribución impuesta por la sección 28 de este título y deberá (excepto lo dispuesto en la subdivisión (d) de esta sección) ser computada, cobrada y pagada sobre la misma base y del mismo modo y sujeta a las mismas disposiciones de ley, incluyendo penalidades, que dicha contribución."

dada la enmienda de que ha sido objeto la sección 4(a), la 21(a), en lo que respecta a sociedades, resulta ahora académica. Como los beneficios de los socios están sujetos a contribución tan pronto son declarados y aun antes de ser distribuídos, en ningún caso se ofrecería oportunidad de aplicar la sección 21(a). En otras palabras, existiendo la sección 4(a) como ha sido enmendada, nunca podrá usarse una sociedad con el fin de evadir el pago de contribuciones que deban imponerse a los socios por sus beneficios. Claro está que la Legislatura pudo haber eliminado y no eliminó de la sección 21(a) la referencia que hace a las sociedades; pero el no haberlo hecho no implica que la sección 4(a) no deba ser interpretada en la forma propugnada por nosotros.

## II

■ Establecido que la intención legislativa fué imponer contribución a los socios sobre beneficios no distribuídos pero que en realidad perteneciesen a los socios, el próximo paso será determinar si la Legislatura tiene facultades para aprobar una ley en tal sentido.

Es principio bien conocido en materia de sociedades que los socios tienen un derecho adquirido a los beneficios tan pronto éstos son determinados. Precisamente ése es el fin del contrato de sociedad: obtener beneficios para sus socios. La sociedad no es dueña de los beneficios. Una vez determinados éstos el socio puede reclamarlos si es que la sociedad se negare a entregárselos. Pero en el presente caso, los socios, actuando de mutuo acuerdo, tuvieron a bien ponerlos en una cuenta especial y pretenden ahora que de ese modo dichos beneficios no quedan sujetos a contribución sobre ingresos. Desde el instante en que los beneficios fueron determinados, quedaron a la disposición de los socios, y el hecho de que éstos luego convinieran en pasarlos a una cuenta de ganancias y pérdidas, no les exime del tributo que les impone la ley. Esto no hubiera podido hacerse si no hubiera sido con el consentimiento de todos los socios, por lo que en

nuestra opinión el caso es el mismo que si éstos, habiendo recibido los beneficios, los hubiesen donado a otra persona o hubieran dispuesto de ellos en cualquier otra forma.

## III

 Pero, tanto el Tribunal de Contribuciones como el contribuyente, sostienen que esa interpretación sería inconstitucional porque ello equivaldría a privar al contribuyente de su propiedad sin el debido procedimiento de ley y que la ley carecería de la uniformidad que requieren los principios constitucionales. Por el mero hecho de que la Legislatura imponga una contribución no puede sostenerse que se esté privando al contribuyente de su propiedad sin el debido proceso de ley. Para ello es necesario que la contribución, por cualquier motivo, sea ilegalmente impuesta. En el presente caso, la única cuestión que hemos visto podría levantar el contribuyente con apariencia de razón, sería el aparente discrimen que existiría en imponer contribución a los socios por beneficios no distribuídos, y sin embargo, no imponerla a los accionistas de una corporación por dividendos no distribuídos. Decimos que este argumento tendría apariencia de razón porque no toma en cuenta la diferencia entre la naturaleza de la sociedad y la de la corporación. Tanto la una como la otra son personas jurídicas distintas de los socios o de los accionistas que las componen. Pero en la sociedad, el capitalizar los beneficios o no distribuirlos hasta determinada fecha, depende exclusivamente de la voluntad de los socios. En la corporación el declarar y distribuir dividendos no depende de la voluntad del accionista. Es la junta de directores la que los declara y distribuye cuando lo cree conveniente a los intereses de la corporación. Pudiera la Junta de Directores estimar que es conveniente a la corporación emplear los beneficios en maquinaria, en tierras, o en cualquier otro implemento necesario para llevar a cabo sus fines, y en ese caso, en ausencia de fraude o de grave abuso de discreción, no puede el accionista obligar a la cor-

poración a distribuir dividendos. Véase Ballantine *on Corporations* (ed. rev. 1948) sec. 231 *et seq.* He aquí la justificación que tuvo la Legislatura para imponer contribución a los beneficios habidos pero no distribuídos a los socios. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78 (1911) ; *Rivera* v. *Corte,* 62 D.P.R. 513 y *Pueblo* v. *Avilés,* 54 D.P.R. 272.

Por las razones expuestas entendemos que la tesis del Tesorero es enteramente correcta y consecuentemente *debe revocarse la decisión dictada por el Tribunal de Contribuciones y devolverse el caso a dicho Tribunal para ulteriores procedimientos en armonía con los principios enunciados en esta opinión.*

El Juez Asociado Sr. Negrón Fernández no intervino.