RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; MIGUEL BALLESTER RIPOLL, interventor.

Núm. 193.—*Sometido:* Julio 8, 1949.—*Resuelto:* Julio 28, 1949.

Hon. Procurador General Vicente Géigel Polanco y Elmer Toro Lucchetti, Procurador General Auxiliar, abogados del peticionario; J. J. Ortiz Alibrán y Guillermo Silva, abogados del interventor, querellante en el pleito principal; Félix Ochoteco, Jr., James R. Beverley, Leopoldo Tormes García, Rafael Castro Fernández, Vicente Zayas Pizarro, Pedro M. Porrata, Diego Guerrero Noble, Fernando Rovira Calimano, Clemente Ruiz Nazario y Orlando J. Antonsanti, como amici curiae.

388

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En moción de reconsideración.

Radicada por el interventor Miguel Ballester Ripoll una moción en que nos pide reconsideremos la sentencia dictada por nosotros con fecha 30 de marzo de 1949, 69 D.P.R. 750, un grupo de abogados acudió ante nos con una solicitud para que les autoricemos a comparecer en el recurso como *amici curiae*. Declarada con lugar esta última solicitud, ellos han radicado un extenso alegato en el cual solicitan igualmente la reconsideración de nuestra ameritada sentencia.

Como se recordará, en nuestra opinión original resolvimos que a tenor con la sección 4(*a*) de la Ley de Contribuciones sobre Ingresos de 1925, según la misma fué enmendada por la Ley núm. 31 de 12 de abril de 1941 (pág. 479) el término "beneficio" comprende cualquier ganancia o utilidad que corresponda al socio aunque la misma no haya sido distribuída y, en su consecuencia, que una vez determinados los beneficios por la sociedad, el socio viene obligado a pagar contribución sobre ingresos en relación con los mismos, aunque no haya habido, como cuestión de hecho, una distribución de tales beneficios por la sociedad, ni el recibo de éstos por el socio.

Tanto el interventor como los *amici curiae* sostienen que la aludida sección 4(*a*) debe ser interpretada a la luz de las secciones 2(*a*)(3), 15(*a*), 19(*a*)(2), 28, 30, 31, 32(*a*) (1), 37(*c*) y 46 de la ley. No estamos de acuerdo. Cierto es que las secciones de una ley deben ser interpretadas relacionando las unas con las otras, para así determinar mejor el verdadero alcance que debe darse a cada sección y el propósito real que tuvo el legislador al aprobar la ley en su totalidad. Pero para la decisión correcta de la cuestión que estaba ante nuestra consideración, era innecesario relacionar de manera específica la sección 4(*a*) con las otras,

puesto que el contexto de aquélla, según quedó enmendado, era por demás claro y terminante. Se trata en realidad de un caso de *lex scripta*.

■ Con anterioridad a la enmienda de 1941, el término "beneficios" significaba cualquier distribución hecha por una sociedad a sus socios y partícipes. Por tanto, para que los mismos fueran tributables a los socios, era menester entonces que la sociedad hiciera una distribución de tales beneficios en favor de éstos. Sin embargo, bajo la enmienda el término "beneficios" significa cualquier participación *o derecho a participación* en una sociedad que en los beneficios (ganancias) o utilidades de cualquier sociedad corresponda a sus socios o partícipes en cada año contributivo.(¹) La letra de la enmienda es clara. Según ella, basta que surja el derecho a participar en los beneficios para que el socio esté obligado a pagar contribución de ingresos sobre los mismos. Su derecho a participación en los beneficios impone al socio la obligación de pagar el tributo. *Cf. Guaranty Trust Co.* v. *Comm'r.*, 303 U.S. 493.

A fin de que se vea lo insostenible de la posición del interventor y de los amici curiae, expondremos a continuación, en tanto las mismas son pertinentes a la cuestión que nos ocupa, el nervio de cada una de las secciones a la luz de las cuales sostienen ellos debe interpretarse, en el sentido de no tributar los beneficios no distribuídos a los socios, la sección 4(*a*), conforme quedó enmendada. Veamos:

La sección 2(*a*)(3), según quedó enmendada por la referida Ley 31 de 1941, sólo tiene por miras ampliar el alcance de la definición de la palabra "sociedad", a fin de incluir, entre otras, la empresa común. (Véase, por ejemplo, *Buscaglia* v. *Tribunal de Contribuciones y Comunidad de Mateo Fajardo, interventora*, ante, pág. 99.) La sección 15(*a*)

---

(¹) La enmienda a la sección 4(*a*), que fué redactada originalmente en el idioma castellano, aparece traducida incorrectamente al idioma inglés. La palabra "correspondiere" debió haberse traducido *corresponds to*, en vez de *belongs to*.

provee que el término "ingreso bruto" (de los individuos) "incluye ganancias, beneficios o ingresos derivados de sueldos, . . . beneficios de sociedades, . . .". Dispone, además, que "el montante de todos dichos ingresos será incluído en el ingreso bruto por el año contributivo en que sean recibidos por el contribuyente, . . ."(²)  La sección 19(a)(2) dispone que en el ingreso bruto de un individuo no residente que no sea ciudadano de Puerto Rico, será considerada como ingreso derivado de fuentes radicadas dentro de Puerto Rico, la cantidad recibida como beneficio de sociedades, cuando más del 20 por ciento de sus ingresos brutos se han derivado de fuentes radicadas en Puerto Rico.  La 28 fija el tipo contributivo a ser pagado por toda sociedad.  Las secciones 30 y 31 definen qué se entiende por ingreso neto e ingreso bruto, respectivamente, de las sociedades.  La 32(a)(1) permite que al computar el ingreso neto de una sociedad se admita como deducción una cantidad razonable para sueldos por servicios personales realmente prestados.  La 37(c) ordena que se incluya en la declaración de toda sociedad, o que se una como apéndice a la misma, una exposición de los hechos que permitan al Tesorero determinar la porción de las ganancias o beneficios de la sociedad, acumulada durante el año contributivo por el cual se rinde la declaración, que haya sido distribuída o cuya distribución se haya ordenado, respectivamente, a sus socios durante dicho año.(³)  Finalmente, la sección 46 requiere que toda sociedad sujeta al pago de contribución sobre ingresos al ser requerida por el Tesorero rinda

---

(²)Nada dice la sección 15(a) respecto a si tales beneficios para ser tributables tienen que haber sido distribuídos o no.  Es cierto que esa sección permanece inalterada en tanto en cuanto exige que los ingresos sean recibidos por el contribuyente.  Pero en primer lugar, ella no impide que se tributen los ingresos implícitamente recibidos y, en segundo lugar, la enmienda reciente a la sección 4(a) introduce una excepción al requisito previsto por la sección 15(a).

(³)Esta sección armonizaba en su contexto con la sección 4(a) antes de ser enmendada en 1941.  Su fraseología no milita, sin embargo, en contra de la conclusión de que bajo la enmienda introducida a la sección 4(a) el derecho a participación en los beneficios de una sociedad es tributable a los socios.

una declaración correcta y debidamente jurada de sus pagos de beneficios, dando el nombre y dirección de cada socio y el monto de los beneficios pagádoles.

El hecho de que algunas de las secciones anteriores puedan contener lenguaje que hoy en día resulta superfluo a la luz de la sección 4(a), según ha sido enmendada, no puede utilizarse para desvirtuar la intención del legislador de hacer que los socios paguen por los beneficios no distribuídos de las sociedades a que pertenecen, conforme se desprende claramente del contexto de la aludida sección 4(a). Véase *Sucn. de Pedro Giusti, Inc.* v. *Tribunal de Contribuciones y Buscaglia, interventor,* ante, pág. 117, escolio 9.

■ Por otra parte, no nos es posible convenir con la contención del contribuyente y de los amici curiae de que el imponer a los socios contribución sobre los beneficios no distribuídos de una sociedad sea inconstitucional. *Helvering* v. *Griffiths,* 318 U.S. 371, 393–4; *Helvering* v. *National Grocery Co.,* 304 U.S. 282; Hudick, *Section 102 and Personal Holding Company Provisions of the Internal Revenue Code,* 49 The Yale Law Journal 171, 173, 210.

El detenido estudio que una vez más hemos hecho de la sección 4(a) y de las secciones de la Ley de Contribuciones sobre Ingresos arriba extractadas, no nos convence de que debamos alterar en forma alguna la conclusión a que habíamos llegado.

■ Las restantes contenciones del interventor y de los amici curiae están cubiertas por la opinión original emitida, y no aduciéndose ningún razonamiento adicional que nos haga variar el criterio allí expuesto, se hace innecesario discutirlas nuevamente en la presente.

*Debe declararse sin lugar la reconsideración solicitada.*

El Juez Asociado Sr. Negrón Fernández no intervino.