ENRIQUE PETROVICH BOSCIO, demandante y apelante, *v.* SECRETARIO DE HACIENDA, demandado y apelado.

Número 11143.

*Sometido:* 4 de diciembre de 1953.    *Resuelto:* 3 de noviembre de 1954.

*Córdova & González,* abogados del apelante; *Hon. Secretario de Justicia, Interino, J. B. Fernández Badillo* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Enrique Petrovich Boscio y su esposa eran socios comanditarios de la sociedad en comandita, Monllor y Boscio, Sucrs. S. en C., durante los años naturales 1940 a 1943, inclusive. En el año 1940 la sociedad tuvo pérdidas cuya cuantía está en disputa pero que es innecesario determinar ahora, por ser irrelevante a los fines de nuestra decisión.

En 29 de junio de 1950 el Tesosero de Puerto Rico, hoy Secretario de Hacienda, notificó a Petrovich una deficiencia en su contribución sobre ingresos para el año natural 1941 montante a $858.47. Se fundó dicha deficiencia en que a Petrovich y su esposa correspondía, como beneficios habidos y no distribuídos de la sociedad en el año 1941, la suma de $4,041.52, la cual no fué declarada en la planilla del contribuyente correspondiente a ese año. No conforme con tal determinación, el contribuyente acudió ante el anterior Tribunal de Contribuciones de Puerto Rico, hoy Tribunal Superior, sosteniendo en su querella que la deficiencia era improcedente porque (1) los beneficios no distribuídos de la sociedad no son tributables a los socios de acuerdo con la ley, y en caso de serlo, la ley sería inconstitucional; (2) de ser tributables

dichos beneficios, de los mismos debía deducirse la parte proporcional que a ellos corresponde en la pérdida sufrida por la sociedad en el año 1940; y (3) "la sociedad distribuyó al querellante y su esposa en los años 1942 y 1943, la suma de $4,041.52 determinada por el querellado como tributable al querellante en el 1941 por concepto de beneficios no distribuídos de la sociedad en dicho año, y el querellante declaró dichos beneficios en las planillas correspondientes a los años 1942 y 1943, y pagó en marzo 15 de 1943 y 1944, una contribución sobre dichos beneficios, mayor que la deficiencia que ahora pudiera proceder para el año 1941, por lo que está satisfecha dicha deficiencia."

Desestimada la querella en todas sus partes, interpuso el querellante el presente recurso de apelación imputando a la corte a quo la comisión de los siguientes errores:

"Primer Error—Erró el Tribunal Superior al resolver que, a los fines de determinar la parte del ingreso neto social tributable a los socios en el año 1941, no procedía deducir de la ganancia bruta habida por la sociedad en el 1941, la pérdida neta sufrida en el 1940.

"Segundo Error—Erró el Tribunal Superior al resolver que no procedía acreditar a la deficiencia del año 1941, las sumas pagadas en exceso en los años 1942 y 1943, y al resolver que no se probó que los ingresos tributados en el 1942 y 1943 correspondieran a las ganancias tributadas en el 1941."

La cuestión planteada en el primer error ha sido ya resuelta por este Tribunal en contra del apelante. En *Calaf* v. *Sec. de Hacienda*, 75 D.P.R. 577, resolvimos después de decir que a los fines del derecho contributivo la "empresa común" y la "sociedad" son entidades idénticas, que bajo la sec. 9 (*b*) de la Ley de Contribuciones sobre Ingresos, la empresa común puede deducir la pérdida neta sufrida por ella, según lo dispone dicha sección, pero que tal pérdida no es deducible por los componentes de la empresa común. Y al referirnos al inciso (*d*) de la sec. 9 de la ley, preceptivo de que: "El beneficio de esta sección será concedido a los miem-

bros de una sociedad, a una suceción o fideicomiso, y a compañías de seguro sujetas a la contribución impuesta por las secs. 41 ó 44 de acuerdo con el reglamento que prescribía el Tesorero", dijimos: "El disponer la sec. 9 (*d*) que 'el beneficio de esta sección será concedido a *los miembros de una sociedad*' (bastardillas nuestras) constituye sin duda un lapsus legislativo. Ese lapsus se debió sin duda a que al aprobarse nuestra Ley de Contribuciones sobre Ingresos lo que se hizo fué adoptar el estatuto federal el que, al contrario de lo que sucede en Puerto Rico, no grava directamente las sociedades. La sec. 9 (*d*), sin embargo, no debe ser tomada aisladamente, sino que habrá de interpretarse conjuntamente con el resto de la sección de que forma parte o con el resto de la ley en su integridad."

El primer error, por tanto, no fué cometido.

■ Por el segundo señalamiento se imputa a la corte a quo haber incurrido en error al no aplicar a los hechos de este caso la doctrina de reconvención (*recoupment*) invocada por el apelante como defensa contra la deficiencia del año 1941. Los hechos que sirven de base a su contención son fundamentalmente los siguientes: Al terminar el año económico de 1939 y comenzar el 1940 (la sociedad rendía planillas por año económico que terminaba el 31 de octubre) la sociedad Monllor y Boscio, Sucrs., S. en C., tenía beneficios por distribuir montantes a $96,100.14. En el año 1940 la sociedad tuvo una pérdida de $47,853.41 y distribuyó durante ese año beneficios por $14,416.74 por lo que al finalizar dicho año y comenzar el 1941, todavía tenía un superávit de $33,829.99. En el año 1941 la sociedad tuvo una ganancia de $118,380.96 y distribuyó durante dicho año solamente $12,500 finalizando el año con un superávit de $139,710.85. En el año 1942 también tuvo ganancias, esta vez de $69,975.91, y distribuyó durante dicho año $91,326.15 por lo que al comenzar el año 1943 tenía un superávit de $118,360.61. Durante este año volvió a tener una ganancia de $16,984.27 y distribuyó como beneficios $101,064.15. Arguye el apelante que de es-

tos números se desprende que en el año 1942 la sociedad distribuyó $21,350.24 más de lo que ganó y en el 1943 distribuyó $84,079.88 más de lo que ganó, o sea, que en los años 1942 y 1943 la sociedad distribuyó un total de $105,430.72 en exceso de lo ganado en esos dos años. Arguye además que de las planillas del apelante se desprende que él declaró y tributó en esos dos años su participación sobre lo que se distribuyó.. Sigue argumentado que esos $105,430.72 proceden de los beneficios de años anteriores al 1942 y que debe entenderse que dicha suma procede de los beneficios más recientemente acumulados (año 1941), pero que aun cuando se entendiera que dicha suma procede de los beneficios más antiguamente acumulados, según parece ser la teoría del Tesorero, solo $33,829.99 se podrían imputar a años anteriores al 1941, y el balance de $71,600.73 forzosamente tendría que imputarse a las ganancias habidas en el 1941 y no distribuídas en ese año. Concluye el apelante en la siguiente forma: "Vemos, pues, que de acuerdo con la teoría del propio Tesorero, de los $105,430.72 distribuídos, declarados y tributados a los socios en los años 1942 y 1943, en exceso de lo que debieron declarar y tributar los socios en esos dos años, por lo menos $71,600.73 corresponden a los beneficios habidos y no distribuídos en el 1941, que el Tesorero ahora grava mediante la deficiencia impugnada. Procede, por lo tanto, como mínimo, acreditar a la deficiencia del 1941 la contribución pagada por Petrovich en el 1943 sobre su parte de los $71,600.73 que ahora se le tributan en el 1941."

Bajo la teoría del apelante respecto a la procedencia de los beneficios acumulados, los $105,430.78 distribuídos en el 1942 y 1943 en exceso de lo ganado en dichos años, "se distribuyen de los beneficios más recientemente acumulados, es decir de los $105,880.86 acumulados en el año 1941" y siendo ello así, la totalidad de la contribución pagada por Petrovich en los años 1942 y 1943 sobre su participación en los $105,430.72 distribuídos en esos años en exceso de lo ganado

en los mismos, debe abonarse a la deficiencia que proceda sobre su participación en la ganancia social no distribuída en 1941.

Puesto en términos más sencillos, la teoría del apelante es que en 1941 la sociedad tuvo beneficios que no distribuyó sobre los cuales él debió pagar y no pagó la contribución correspondiente, [origen de la deficiencia para 1941] pero que al ser distribuídos esos mismos beneficios, o parte de ellos en 1942 y 1943, el apelante los declaró y tributaron, por lo que de verse obligado a pagar la deficiencia de 1941, estaría pagando contribuciones dos veces sobre los mismos beneficios.

La doctrina de reconvención o *recoupment*, según la expusimos en los casos de *González Padín* v. *Tribl. de Contribuciones*, 66 D.P.R. 964 y *Cía. Azucarera* v. *Tribl. de Contribuciones*, 72 D.P.R. 909, "está fundada en la teoría equitativa de que todas las contribuciones y los créditos que surgen de la misma transacción—ya se paguen o se obtengan las contribuciones o créditos en los mismos o en diferentes años—deben reajustarse sin referirse al término prescriptivo con el fin de evitar el enriquecimiento injusto de una parte que intenta tramitar inconsistentemente la misma partida en épocas diferentes."

Para que pueda aplicarse dicha doctrina a este caso, debe surgir de sus hechos que el apelante tiene un crédito a su favor y en contra del gobierno, como consecuencia de haber pagado contribuciones en exceso en los años 1942 y 1943. Luego de esto habría que examinar los hechos para determinar si se ha cumplido con la exigencia de "una misma transacción". *González Padín* v. *Tribl. de Contribuciones*, supra. Sin embargo, no creemos que esto último sea necesario. Los hechos incontrovertidos demuestran a lo sumo que el contribuyente pagó contribuciones sobre los beneficios distribuídos por la sociedad en 1942 y 1943 y que parte de esos beneficios los hubo la sociedad en 1941 y no lo distribuyó en dicho año. El contribuyente no niega que cuando la sociedad hubo esos beneficios en 1941, él venía obligado a declarar la parte

que en los mismos le correspondía y a pagar contribución sobre ellos aun cuando no hubieran sido distribuídos.(1) El Gobierno no adoptó la posición de que tales beneficios no tributaban por el hecho de que no habían sido distribuídos, de suerte que se le pueda considerar inconsistente su actitud posterior al notificar la deficiencia de 1941. Pero el hecho de que la deficiencia esté basada en unos beneficios, habidos y no distruibuídos en 1941 y que esos beneficios o parte de ellos tributaron en 1942 y 1943, no implica por sí solo que el contribuyente tenga un crédito contra el Gobierno, si en realidad él no ha demostrado que pagó contribuciones en exceso, en los años 1942 y 1943. Estos años no han estado en controversia ni han sido abiertos por actuación alguna del Tesorero para su investigación, ni los tuvo ante sí la corte a quo. No pueden, pues, reexaminarse todas sus partidas, tanto el ingreso declarado, como las deducciones y exenciones reclamadas, a fin de poder determinar que por razón de haberse incluído en dichos años los beneficios distribuídos por la sociedad durante los mismos, resultaba un pago en exceso, en caso de que esos mismos beneficios tributaran en el año 1941. Correspondía al contribuyente probar que en los años 1942 y 1943, pagó en exceso, las contribuciones sobre ingresos que por ley venía obligado a pagar. No lo hizo y a falta de tal demostración, no puede invocar la doctrina de reconvención.

■ Si en una reclamación de reintegro fundada en un pago en exceso en determinado año, el Secretario de Hacienda tiene facultad para investigar todo dicho año, y cuantas partidas figuren en el mismo a fin de determinar si realmente hubo el pago en exceso, lo que implica una redeterminación de toda la responsabilidad contributiva en dicho año, *Lewis* v. *Reynolds*, 284 U. S. 28, no vemos cómo el contribuyente pueda

---

(1) Ley núm. 31 de 12 de abril de 1941 ((1) pág. 479); *Tesorero* v. *Tribl. de Contribuciones y Ballester*, 69 D.P.R. 750; *Tesorero* v. *Tribl. de Contribuciones y Sucn. Cautiño*, 71 D.P.R. 248; *Tesorero* v. *Tribl. de Contribuciones y Ballester*, 70 D.P.R. 386. Véase sin embargo, la Ley núm. 425 de 13 de mayo de 1951—Leyes de ese año, pág. 1135 y *Behn* v. *Tesorero*, 49 D.P.R. 808.

alegar por vía de reconvención o *recoupment,* un pago en exceso fundado en una sola de las partidas envueltas. Obviamente la determinación aislada que se haga sobre dicha partida, no daría base suficiente para resolver si en el año contributivo en cuestión se hizo o no un pago en exceso.

*No habiéndose cometido ninguno de los errores señalados por el apelante, la sentencia apelada será confirmada.*