SUCESIÓN DE SIMÓN MAESO, ETC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

Número 11641.
*Reasignado:* 22 de mayo de 1958. *Resuelto:* 20 de octubre de 1959.

*Hon. Secretario de Justicia Hiram R. Cancio (J. B. Fernández Badillo, Ex-Secretario de Justicia,* en el alegato) y *Carlos N. Souffront, Procurador Auxiliar,* abogados del recurrente; *Toro & Malley,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 24 de junio de 1953 el Secretario de Hacienda notificó su Resolución sobre Reconsideración de Deficiencia, o sea la deficiencia final de contribución sobre ingresos a Maeso Hermanos, S. en C., Carolina, Puerto Rico, para los años 1941 a 1950, ambos inclusive, ascendente a la suma de $32,144.64. En la referida notificación de deficiencia final se informaba a dicha contribuyente que si deseaba apelar de la misma a

tenor con la ley tenía que prestar ante el Secretario de Hacienda una fianza montante a $33,500.

Impugnando dichas deficiencias compareció ante el Tribunal Superior la Sucesión de don Simón Maeso, compuesta por don Gerardo, doña Cristina, don Andrés, don Manuel María, doña Amparo y doña María Teresa Maeso, esta última representada por su tutor don Gerardo Maeso. Alegaron que dicha Sucesión fue notificada de las deficiencias como Maeso Hermanos, S. en C., que desde la muerte de su causante la Sucesión de don Simón Maeso está y ha sido compuesta de las mismas personas; que dicha Sucesión se halla al día de hoy en el mismo estado de común proindiviso que existía a la fecha del fallecimiento de su causante; que la mencionada Sucesión de don Simón Maeso ha venido radicando anualmente y desde que se creara a virtud de ley, planillas de contribución sobre ingresos y específicamente para los años 1941 al 1950, ambas inclusive, dicha Sucesión rindió planillas declarando sus ingresos; que el Secretario de Hacienda remitió, con fecha 24 de junio de 1953, notificación de deficiencias en la suma de $32,144.64 a la Sucesión de don Simón Maeso, enviando, sin embargo, tales notificaciones de deficiencia a nombre de Maeso Hermanos, S. en C.; que el Secretario de Hacienda se había equivocado al determinar que la Sucesión de don Simón Maeso era una sociedad para los años envueltos en este caso, toda vez que, si bien es cierto que los componentes de la Sucesión otorgaron una escritura de sociedad, como cuestión de hecho, tal sociedad nunca fue debidamente constituída y tampoco se hicieron aportaciones de clase alguna a la misma, resultando que nunca ha realizado gestión alguna que pueda ser demostrativa de su existencia, no habiendo practicado nunca operaciones comerciales o de cualquier índole; que el Secretario de Hacienda erró al considerar a la Sucesión de don Simón Maeso como una sociedad, ya que la última actividad de los componentes de dicha Sucesión ha sido la del aprovechamiento de su pro-

piedad sin que en momento alguno se hubiere operado como un negocio u operación con fines de lucro; que con anterioridad a la fecha de la radicación de la demanda, la Sucesión demandante había prestado una fianza en la suma de $33,500, según la cantidad expresada en la notificación de deficiencias enviada a ella bajo el nombre de Maeso Hermanos, S. en C.; (¹) que las deficiencias por los años 1941 a 1950 en la

(¹) El texto de la fianza presentada al Secretario de Hacienda por la Sucesión de don Simón Maeso es como sigue:

"DEPARTAMENTO DE HACIENDA
"NEGOCIADO DE CONTRIBUCIÓN SOBRE INGRESOS
"SAN JUAN (SANTURCE), P. R.

"FIANZA PARA GARANTIZAR EL PAGO DE CONTRIBUCION SOBRE INGRESOS, INTERESES, PENALIDADES, ETC.

"Contribuyente.............. Sucesión de Don Simón Maeso
"Dirección........................ Carolina, Puerto Rico
"Años contributivos ......................... 1941 – 1950
"Total de contribución........................ $32,144.64
"Intereses y Penalidades................... $............
"Importe de la fianza........................ $33,350.00

"POR CUANTO, se requiere la prestación de fianza para responder del pago de la contribución, intereses y penalidades en el caso de epígrafe.

"POR TANTO, *la Sucesión Don Simón Maeso*, contribuyente y pagador principal, y *UNION CREDIT BANK* y ..............................., como fiadores, hacemos constar que estamos firmemente comprometidos con El Estado Libre Asociado de Puerto Rico por la suma de *treinta y tres mil quinientos dólares ($33,500.00)*, moneda legal de los Estados Unidos de América, y para el pago de la cual nos comprometemos y comprometemos a nuestros herederos, albaceas, administradores, sucesores y cesionarios, mancomunada y solidariamente, ofrecimos al efecto las garantías que más adelante se identifican y describen:

"[ ] De compañía aseguradora [ XXX ] Garantía prendaria o pignoraticia consistente en:
"[ ] De garantía personal
 "( ) Cheque certificado ( ) Bienes muebles
 "( ) Pagarós hipotecarios ( ) Acciones de corporaciones
 "( ) Bonos del Tesoro de EE. UU. (XX) Depósito en banco en 'scrow'
 "( ) Pagarés al portador ( ) Efectivo
 "Descripción de la Garantía Ofrecida
"Véase carta adjunta.

suma de $32,144.64 resultan de dos actuaciones del Secretario de Hacienda, a saber: (*a*) La reliquidación por parte del Negociado de Contribución sobre Ingresos de los ingresos y deducciones generales de la Sucesión de don Simón Maeso, y (*b*) de haber determinado el Secretario de Hacienda que la

---

"En Testimonio de lo Cual, firmamos la presente hoy, *22* de *julio* de *1953.*

"SUCESION DE DON. SIMON MAESO *Carolina, Puerto Rico*
 "Contribuyente Dirección

 " (fdo.) *Gerardo Maeso*
 "Gerardo Maeso, por sí y como Tutor
 de María Teresa Maeso
 " (fdo.) *Cristina Maeso*
 Cristina Maeso
 " (fdo.) *Andrés L. Maeso*
 Andrés L. Maeso
 " (fdo.) *Manuel María Maeso*
 Manuel María Maeso
 " (fdo.) *Amparo Maeso*
 Amparo Maeso

"Affidavit Núm. *257*—

"Jurado y suscrito ante mí por Don Gerardo Maeso, por sí y como Tutor de María Teresa Maeso, Doña Cristina Maeso, Don Andrés L. Maeso, Don Manuel María Maeso y Doña Amparo Maeso, a quienes doy fe de conocer personalmente, en

"San Juan, Puerto Rico, a 22 de julio de 1953.

" (sello) " (fdo.) Elmer Toro Luchetti"

La carta mencionada en el texto de la fianza está suscrita por el gerente del Credit Union Bank y en ella garantizaba el pago de la deficiencia que en definitiva viniera obligada a pagar la Sucesión de don Simón Maeso.

El Secretario de Hacienda no aceptó la fianza prestada por la Sucesión y en agosto 3 de 1953 dirigió la siguiente carta a Maeso Hermanos, S. en C.:

 "Aug. 3, 1953

"Maeso Hermanos, S. en C.
"Carolina, Puerto Rico

 Asunto: Maeso Hermanos, S. en C.
 Fianza por $33,500.00
 Años: 1941–1950

"Señores:

"La fianza radicada en el caso de epígrafe adolece del siguiente error:

"Aparece como contribuyente la 'Sucesión de Don Simón Maeso', cuando debe ser Maeso Hermanos, S. en C., de acuerdo con la notificación de deficiencia de fecha 24 de junio de 1953.

"Por lo tanto deberá radicarse un nuevo documento de fianza a nombre de Maeso Hermanos, S. en C.

Sucesión de don Simón Maeso era una sociedad civil y que debía tributar como tal. En dicha demanda luego se señalan los errores en la reliquidación año por año.

Contestó el demandado negando la existencia, para fines de contribución sobre ingresos, de la alegada Sucesión de don Simón Maeso; sosteniendo la existencia de la contribuyente, a quien se le notificó las deficiencias, Maeso Hermanos, S. en C., y alegando que el tribunal carecía de jurisdicción para ver el caso, ya que Maeso Hermanos, S. en C., no había prestado la fianza requerida por ley para poder comparecer ante el tribunal.

Al iniciarse la vista del caso el Secretario de Hacienda suscitó la cuestión sobre falta de jurisdicción del tribunal fundándola en que la fianza en la forma que había sido prestada no garantizaba el pago de la contribución que en definitiva viniera obligada a pagar la Sociedad Maeso Hermanos, S. en C., entidad ésta a quien le fueron notificadas las deficiencias, sino que dicha fianza garantizaba la responsabilidad contributiva de la Sucesión de don Simón Maeso, a quien no se le había notificado deficiencia alguna, y que, por lo tanto, dicha fianza había sido rechazada por el Secretario de Hacienda. (Véase escolio 1.)

Durante la vista del caso el Secretario de Hacienda asumió la posición de que la contribuyente a quien se le había notificado las deficiencias, Maeso Hermanos, S. en C., no estaba ante el tribunal; que dicha contribuyente Maeso Hermanos, S. en C., no había prestado la fianza requerida por la ley para acudir al tribunal y que, por tanto, éste carecía de jurisdicción para entender en el caso; que la Sucesión de don Simón Maeso, cuya existencia como tal sucesión había

---

"Se le concede un término de diez (10) días a partir de esta fecha para que se corrija el defecto antes señalado.

"Cordialmente,

"(Fdo.) A. LALOMA,
*"Director"*

Maeso Hermanos, S. en C., no corrigió el defecto señalado ni prestó fianza alguna para acudir ante el Tribunal Superior.

negado en la contestación a la demanda, no era parte en el caso; que el Secretario de Hacienda no iba a cobrar a la Sucesión la contribución notificada a la sociedad en comandita, Maeso Hermanos, S. en C., y que devolvería a la Sucesión el documento de fianza que ésta había prestado.

Asumiendo una posición distinta y contradictoria con la que acabamos de exponer, el Secretario de Hacienda alegó y trató de sostener con evidencia que la Sucesión de Don Simón Maeso era una sociedad (*joint-venture*) y que venía obligada a pagar la contribución en litigio al tipo fijado por ley para las sociedades.

Después de haber recibido prueba documental ofrecida por ambas partes y después de haber escuchado el testimonio de varios testigos presentados por la demandante, el tribunal a quo, dictó una orden suspendiendo la tramitación del caso en sus méritos en lo que resolvía la cuestión privilegiada de jurisdicción suscitada por el demandado.

Poco después de entrada esta orden y sin que tuvieran lugar ulteriores procedimientos, el tribunal a quo archivó en autos una "Opinión y Sentencia" en la que después de hacer referencia a las alegaciones y a la prueba llega a las siguientes conclusiones y decisión:

"La suficiencia de la fianza no está en discusión. La Sucesión de Simón Maeso, al prestar la que es requerida por ley, y al exponer, en su demanda, que el Secretario de Hacienda ha cometido error al concluir que Maeso Hermanos, S. en C., existe y debe satisfacer las deficiencias contributivas que han sido notificadas, como cuestión de realidad, a la referida Sucesión, ésta le ha proporcionado, al Secretario de Hacienda, una oportunidad de sostener, ante este tribunal, la corrección de su determinación.

"Pero el demandado ha rechazado esa oportunidad que se le ha ofrecido, e insiste en que este tribunal carece de jurisdicción para entender en la demanda del epígrafe.

"En vista de semejante actitud e insistencia del recurrido, concluímos que:

"La parte demandante, en el caso de autos, ha actuado de buena fe, y, muy consecuentemente, prestado la fianza que, de acuerdo con la ley, procedía.

"Tal fianza ha sido retenida por el demandado en su poder, sin devolverla, desde fines de julio 1953 hasta diciembre 17 de 1953, fecha, esta última, en que, por el propio recurrido fue presentada en evidencia, en el caso del epígrafe, con la identificación de 'Exhibit C.'

"Es obvio que, si no insistiera el demandado en que su determinación de deficiencia se refiere exclusivamente al discutido contribuyente Maeso Hermanos, S. en C., y no a los demandantes del epígrafe, este tribunal tendría jurisdicción para conocer del caso y podría dirimir la contienda.

"Toda vez que, según el propio Secretario de Hacienda ha expuesto en sus alegaciones, y asimismo por sus actuaciones hasta la fecha realizadas, la Sucesión de Simón Maeso, compuesta por los herederos que se enumeran en el epígrafe no es la obligada a satisfacer al erario las deficiencias contributivas que al 'contribuyente' Maeso Hermanos, S. en C., fueron notificadas, decidimos que, a los fines de la justicia, este tribunal no debe emplear tiempo adicional en la celebración de vistas en las cuales a los demandantes del epígrafe se les proporcionaría la oportunidad de probar que ellos, en su condición de miembros de la repetida Sucesión de Simón Maeso, notificados en junio 24 de 1953 como si fueran 'Maeso Hermanos, S. en C.', no ha pertenecido, para los años a que se refiere la demanda, a la sociedad de que se trata, y que tampoco han retenido, ni retienen, en su poder, dinero alguno perteneciente al erario, el cual, en su oportunidad, debió ser satisfecho al tesoro público en concepto de contribuciones de ingresos de una entidad jurídica conocida como Maeso Hermanos, S. en C.

### "Sentencia

"El demandado debe devolver, y se le ordena que devuelva, a los demandantes el documento de la fianza por ellos prestada, relevándolos de toda responsabilidad en el pago de cualquier contribución que alguna otra persona jurídica debió satisfacer respectiva a los años 1941–50.

"Si en lo futuro no rectifica su actitud, y no adopta una tesis distinta de la que hasta la fecha ha sostenido, se abstendrá dicho demandado de causar molestia alguna, a los demandantes, mediante notificaciones de deficiencias contributivas y cobros

de impuestos que a otra persona jurídica distinta debe remitir, y de ella requerir el pago." (Legajo de Sentencia, págs. 20, 21 y 22.)

Contra dicha sentencia el Secretario de Hacienda interpuso el presente recurso alegando que el tribunal sentenciador cometió error (1) al no declararse sin jurisdicción (competencia) en el presente caso; (2) al concluir que la suficiencia de la fianza no estaba en discusión; (3) al resolver el caso en los méritos declarando con lugar la demanda cuando lo único que tenía ante sí era la cuestión jurisdiccional promovida por el demandado, y (4) al dictar un injunction en contra del demandado, Secretario de Hacienda.

 La sentencia dictada por el Tribunal Superior debe ser revocada y en su lugar debe dictarse otra decretando el archivo de la demanda.

El caso presenta aparentes complicaciones de carácter procesal, debido al enfoque equivocado que del mismo han hecho las partes y el tribunal sentenciador. Veamos.

El Secretario de Hacienda notificó deficiencia en la contribución sobre ingresos a una sociedad civil en comandita denominada Maeso Hermanos, S. en C. Dicha sociedad fue constituída en virtud de la escritura. número 112 otorgada en 22 de octubre de 1935 ante el notario Eduardo H. F. Dottin por don Gerardo, doña Cristina, don Andrés, don Manuel María, doña Amparo y doña María Teresa Maeso, el primero como socio gestor y los demás como socios comanditarios. Los socios de esta sociedad son las mismas personas que componen la Sucesión de don Simón Maeso. Sin embargo la sociedad tiene una personalidad jurídica distinta a la de sus socios. Artículo 27 del Código Civil [31 L.P.R.A., sec. 101]; *Santiago Umpierre & Cía.* v. *Wenar*, 10 D.P.R. 532; *Finlay* v. *Finlay Brothers & Waymouth Trading Co.*, 8 D.P.R. 389; *Tes.* v. *Tribl. Contribuciones y Ballester*, 69 D.P.R. 750, 756. Por lo tanto, la contribuyente en este caso era la sociedad y no la Sucesión de don Simón Maeso. Esa fue la posición inicial

que adoptó el Secretario de Hacienda desde el momento mismo en que hizo la notificación de deficiencias.

La Sucesión había rendido planillas y había pagado la contribución durante los años en controversia. La sociedad no lo había hecho y por esa razón las deficiencias notificadas a la sociedad incluían una penalidad de un 25% por la tardanza en la radicación de las correspondientes planillas para dichos años. Resulta claro que el contribuyente con derecho a litigar la contribución ante el Tribunal, lo era la Sociedad y no la Sucesión. La ley que regía entonces era el art. 57 (a) de la Ley de Contribuciones sobre Ingresos, según fue enmendada por la Ley núm. 230 de 10 de mayo de 1949. [2] Dicho artículo imponía al entonces Tesorero, hoy, Secretario de Hacienda, la obligación de notificar por correo certificado al contribuyente que le hubiese notificado una deficiencia, hubiere o no dicho contribuyente solicitado la reconsideración de la misma, su determinación final y de esta determinación final el contribuyente podía apelar para el anterior Tribunal de Contribuciones de Puerto Rico, "dentro del término y previo el cumplimiento de los requisitos dispuestos por ley". El término y requisitos están provistos en la Ley núm. 235 de 10 de mayo de 1949 que establece un procedimiento uniforme

---

[2] Dicho artículo disponía:

"57 (a) Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la Subdivisión (c), será notificado de dicha deficiencia por correo certificado, y el contribuyente podrá dentro de los treinta (30) días siguientes a la fecha del depósito de dicha notificación en el correo, o dentro de la prórroga que a tales fines le conceda el Tesorero, solicitar de éste, por escrito, reconsideración y vista administrativa sobre el asunto, exponiendo en su solicitud los fundamentos que tuviere para ello. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuestos, o si habiéndola solicitado, el Tesorero confirmare en todo o en parte la deficiencia notificada, el Tesorero notificará, en ambos casos, su determinación final al contribuyente, por correo certificado, y el contribuyente podrá apelar de dicha determinación final para ante el Tribunal de Contribuciones de Puerto Rico en la forma, dentro del término y previo el cumplimiento de los requisitos dispuestos por ley."

para recurrir ante el Tribunal de Contribuciones, antes, hoy Tribunal Superior.

De acuerdo con el art. 2 de dicha ley, el contribuyente debía recurrir ante el tribunal dentro del término de 30 días a partir del depósito en el correo de la notificación de la determinación final del Tesorero y además debía de prestar ante el Tesorero dentro del indicado término y como requisito previo, una fianza sujeta a la aprobación del Tesorero.

El contribuyente, en este caso, la sociedad Maeso Hermanos, S. en C., no hizo ni lo uno ni lo otro. Por el contrario, fue la Sucesión, la que recurrió ante el tribunal y radicó una fianza ante el Tesorero, hoy Secretario de Hacienda.

Las leyes que hemos citado anteriormente no autorizaban a la Sucesión para litigar una contribución que no le había sido impuesta, ni notificada a ella. Compareció indebidamente ante el Tribunal. *Cf. Pedro A. Pizá, Inc.* v. *Tribl. Contribuciones y Tes.,* 72 D.P.R. 320, 323; *Valdés* v. *Sec. Hacienda,* 78 D.P.R. 578, 587. Si la Sociedad quería litigar la contribución debió seguir los trámites establecidos en la ley. Al no hacerlo en tiempo perdió por lo menos, el derecho a acogerse al recurso de apelación establecido en la sec. 57 (*a*) de la Ley de Contribuciones sobre Ingresos y la citada Ley núm. 235 de 10 de mayo de 1949. Si la contención de la contribuyente, Maeso Hermanos, S. en C., era la que pretendió plantear la Sucesión, o sea, que Maeso Hermanos, S. en C., no había hecho operaciones de clase alguna ni había percibido ingresos tributables, nada le impedía a dicha contribuyente comparecer ante el tribunal a discutir la cuestión. Por el contrario, la ley le concedía tal remedio.

Por otro lado, el Secretario de Hacienda suscitó la cuestión de falta de jurisdicción del tribunal a base de que la apelante no había prestado previamente ante el Secretario de Hacienda la fianza exigida por ley al contribuyente como requisito previo para acudir al tribunal. La fianza prestada por la Sucesión de Simón Maeso no fue aceptada por el Se-

cretario de Hacienda, no porque dicha fianza fuera insuficiente en dinero sino porque dicha fianza no respondía de las contribuciones notificadas al verdadero contribuyente, la sociedad Maeso Hermanos, S. en C. Ante esa situación lo procedente era que el Secretario de Hacienda solicitara el archivo de la demanda radicada por la Sucesión, ya que ésta no tenía facultad para litigar la contribución adeudada por una persona jurídica distinta a los miembros de la Sucesión. En su consecuencia la resolución del tribunal a quo debió limitarse a decretar el archivo del caso sin adicionarle pronunciamiento alguno en cuanto a futuras actuaciones del Secretario de Hacienda relacionadas con el cobro de las contribuciones notificadas a Maeso Hermanos, S. en C. Ni siquiera las partes habían terminado la presentación de la prueba para la fecha en que el tribunal dictó la sentencia que es objeto de este recurso ante nos. Por lo tanto, el tribunal no estaba en condiciones de incluir en su sentencia ningún pronunciamiento en cuanto a los méritos en su fondo del caso.

*Se revocará la sentencia dictada por el Tribunal Superior y en su lugar se dictará otra decretando el archivo del caso.* (³)

---

(³) Creemos innecesario un pronunciamiento ordenando al Secretario de Hacienda devolver el documento de fianza a la Sucesión de don Simón Maeso en vista de que (1) el Secretario de Hacienda anunció al Tribunal Superior que devolvería dicha fianza a la Sucesión; (2) dicha fianza no responde de las contribuciones que pueda adeudar la sociedad en comandita Maeso Hermanos, S. en C., y (3) dicha fianza tampoco respondería de ninguna contribución que en el futuro el Secretario de Hacienda intentara cobrar a la Sucesión de don Simón Maeso.