EMILIA PIÑÁN VDA. DE FAJARDO, demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

Número: 12062. Resuelto: 15 de agosto de 1961.

*J. B. Fernández Badillo, Secretario de Justicia Interino y José A. García Malpica, Procurador Auxiliar,* abogados del recurrente; *Amador Ramírez Silva,* abogado de la recurrida.

Sala integrada por el Juez Asociado señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

El Secretario de Hacienda notificó deficiencias a doña Emilia Piñán viuda de Fajardo para los años contributivos 1945 y 1946. En cuanto se refiere a este recurso solamente es pertinente indicar que estas deficiencias obedecían en parte a que se reajustó el ingreso declarado por la contribuyente en 1945 adicionándosele la suma de $6,162.40, ingreso proveniente de su participación en los beneficios en una sociedad agrícola (*Tesorero* v. *Tribl. Contribuciones y Ballester*, 69 D.P.R. 750 (1949), 70 D.P.R. 386 (1949)) y agregando además, $7,769.72 y $13,005.61 a los ingresos declarados en 1945 y 1946, respectivamente, sumas recibidas por ella por concepto de pagos de beneficios bajo la Ley Azucarera (*Bravo* v. *Secretario de Hacienda*, 76 D.P.R. 154 (1954)).

Las notificaciones finales de deficiencia se hicieron en 9 de diciembre de 1954 y la querella se inició en 7 de enero siguiente. En la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, se incluyen dos pronunciamientos que leen como sigue:

"1ro.—Se confirma la determinación del Secretario de Hacienda en cuanto agregó la suma de $7,769.72 a la suma de $13,005.61 declarada por la demandante como ingreso proveniente del subsidio federal bajo la Ley Azucarera durante el año 1945 así como en cuanto agregó el ingreso de la contribuyente por tal concepto durante el año 1946 la suma de $13,005.61; disponiéndose y ordenándose, sin embargo, que el demandado ajuste la contribución de la demandante para el año 1945 acreditándole y abonándole lo pagado por ella sobre la suma de $20,775.33 que declaró como ingreso por el concepto expresado durante el año 1944;"

"3ro.—Se confirma la determinación del Secretario de Hacienda en cuanto incluyó la suma de $6,162.40 como ingreso de la demandante proveniente de su participación en la 'Comunidad Altagracia' durante el año 1945; disponiéndose y ordenándose, sin embargo, que el demandado ajuste la contribución de la demandante para dicho año acreditándole y abonándole lo pa-

gado por ella sobre las sumas de $1,335.77, $1,507.77 y $1,224.21 que ·declaró haber recibido durante los años 1941, 1942 y 1943 en exceso de lo realmente recibido por ella durante dichos años por su participación en la referida comunidad."

En el recurso de apelación interpuesto, el Secretario apunta la falta de jurisdicción del tribunal de instancia para incluir los pronunciamientos concediendo créditos a la contribuyente, por vía de reconvención (recoupment), contra las deficiencias en litigio de los años 1945 y 1946, en consideración a la contribución pagada en exceso por ella en los años anteriores 1941, 1942, 1943 y 1944.

█ Esta cuestión fue considerada y resuelta en Petrovich v. Secretario de Hacienda, 79 D.P.R. 250 (1960). Dijimos que la sección 57 (h) de la Ley de Contribuciones sobre Ingresos de 1924, según fue enmendada por la Ley núm. 9 de 8 de octubre de 1954 (13 L.P.R.A. sec. 775), limita la jurisdicción del Tribunal Superior a redeterminar únicamente la deficiencia para el año contributivo en controversia, pero que está impedido de determinar si el contribuyente realizó pagos en exceso en cualquier año contributivo anterior o posterior al en que se determinó y tasó la deficiencia en cuestión a los efectos de resolver la defensa de reconvención (recoupment) basada en tales pagos en exceso. Hemos reexaminado cuidadosamente la cuestión, especialmente considerando que el resultado conlleva el cobro de doble contribución por el fisco en relación con las mismas partidas de ingreso. Ratificamos lo expuesto en Petrovich, supra, e indicamos de paso que el remedio para esta situación requiere acción de la Asamblea Legislativa.(¹) Por vía de interpretación nos está vedado intervenir, ya que la letra de la mencionada sección 57(h) es clara y libre de ambigüedad.

_____

(¹) El rigor de esta regla era más pronunciado cuando el término· para determinar una deficiencia era de siete años y el provisto para radicar una solicitud de reintegro era de cuatro años. A partir de la aprobación de la Ley de Contribución sobre Ingresos de 1954 ambos términos son iguales. Véanse, 13 L.P.R.A. sec. 3275 (a) y 13 L.P.R.A. sec. 261.

■ Además, en la opinión original de *Petrovich* v. *Secretario de Hacienda*, 77 D.P.R. 164 (1954) (²) habíamos resuelto que, en vista de que en una reclamación fundada en un pago en exceso en determinado año contributivo el Secretario tiene facultad para investigar todo el año y *todas las partidas* para determinar si realmente hubo un pago en exceso, un contribuyente no puede alegar por vía de reconvención un pago en exceso fundado en *una sola* de las partidas declaradas en dicho año. Esto fue lo que precisamente hizo la contribuyente en el presente caso, o sea, alegar que correspondía concederle un crédito por lo pagado por ella en exceso en los años 1941 a 1944 basándose en ciertas partidas específicas. (³)

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 16 de agosto de 1955, en tanto, por vía de reconvención, concedió un crédito a la contribuyente, en la forma expuesta en la opinión.*

---

(²) Aun cuando la opinión en reconsideración en el caso de *Petrovich* (79 D.P.R. 250) fue emitida por un tribunal dividido, la opinión original recibió la aprobación unánime de los miembros que constituían entonces el Tribunal.

(³) En la querella, al impugnar el monto de la deficiencia notificada, se dice:

"Alega ahora la demandante que las alegadas deficiencias no han sido incurridas por ella y que si algunas hubiere el monto de las mismas sería marcadamente inferior al monto que se reclama, alegando además la contribuyente demandante que para llegar al referido monto, según información y creencia de la demandante, el demandado, por conducto de sus subalternos, no tomó en consideración ni el sistema de acumulación (accrual) utilizado por la demandante en su contabilidad consistentemente y autorizado y sancionado por la ley si que tampoco tomó en consideración los pagos hechos por la demandante de la correspondiente contribución sobre ingresos para dichos años sobre las cantidades recibidas por ella de la Administración de Ajuste Agrícola, de dividendos de la Central Igualdad, de beneficios y rentas de la Comunidad Altagracia, ni asimismo tomó en consideración pérdida en la venta de un auto Cadillac y las deudas incobrables de Celso Rodríguez y de Juanita Almodóvar lo que resuelto en la forma en que lo hace el demandado en su determinación final conduce al resultado ilógico de imponer a la contribuyente la contribución sobre estos años doblemente, o sea la pagada ya por las referidas cantidades ingresadas y la que ahora se le impone en virtud de la dicha determinación final."