Rafael Buscaglia, Tesorero de Puerto Rico, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; María Collazo de Calaf, et als., interventores.

Núms. 43 y 60.—*Sometidos:* Noviembre 5, 1945. *Resueltos:* Enero 31, 1947.

*Hon. Procurador General Interino Jesús A. González y A. D. Marchand Paz, Procurador General Auxiliar*, abogados del peticionario; *D. Guerrero Noble*, abogado de los interventores.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En cuatro querellas radicadas ante el Tribunal de Contribuciones de Puerto Rico, los querellantes alegaron que al determinarse el ingreso neto para la imposición de la contribución sobre sus ingresos, el Tesorero se negó a concederles una deducción para el año 1932, montante a la suma de $54,462.64, por concepto de la depreciación sufrida durante dicho año en las propiedades de la Central Monserrate, de la cual son condueños. Las cuatro querellas fueron sometidas conjuntamente mediante una estipulación de los hechos esenciales del caso.

El Tribunal de Contribuciones dictó resolución en favor de los querellantes y en contra del Tesorero, declarando que aquéllos tenían derecho a deducir de sus ingresos para el año 1932 la cantidad de $54,462.64 en concepto de depreciación, de acuerdo con la doctrina sentada por este Tribunal en *Loíza Sugar Co.* v. *Domenech, Tes.*, 44 D.P.R. 556, 559.

La resolución le fué notificada al Tesorero el 14 de febrero de 1945. El recurso de *certiorari* Núm. 60 fué inter-

puesto por dicho funcionario el día 28 de mayo de 1945, o sea 103 días después de haberle sido notificada la resolución recurrida. Los querellantes alegan que este Tribunal carece de jurisdicción para conocer del recurso por haber sido interpuesto después de expirado el término legal.

Consideremos en primer término esta cuestión jurisdiccional, ya que si la misma prosperase no habría que entrar en otras consideraciones.

Para poder resolverla es preciso que hagamos una relación de los antecedentes del caso.

La resolución recurrida fué dictada el día 13 de febrero de 1945 y notificada al Tesorero el día 14 del mismo mes y año. En marzo 12 de 1945 el Tesorero radicó ante esta Corte Suprema una petición de certiorari, la cual fué registrada bajo el número 43, solicitando la revisión y revocación de la resolución recurrida. Expedido el auto y notificados los interventores, solicitaron éstos la desestimación del recurso alegando que hasta esa fecha, marzo 21 de 1945, "el Tesorero no ha radicado en el Tribunal de Contribuciones de Puerto Rico ni ha notificado a los querellantes los cuatro cómputos que por ley viene obligado a efectuar como consecuencia de la resolución favorable"; que el Tesorero debió esperar, antes de interponer el recurso, hasta que el cómputo fuese definitivamente aprobado por el tribunal inferior; y que por esos motivos el recurso era prematuro y debía ser desestimado. En abril 20 de 1945, tres días antes de la fecha señalada para la vista del recurso y de la moción de desestimación, el Tesorero radicó un escrito allanándose a la desestimación solicitada. Ésta fué declarada con lugar por resolución de 23 de abril de 1945.

En abril 19 de 1945 el Tesorero radicó en la Secretaría del Tribunal de Contribuciones un alegado cómputo en cada uno de los cuatro casos en controversia. Dichos cómputos fueron notificados a los contribuyentes el día 17 de abril de 1945. En mayo 21 de 1945, no habiéndose formulado obje-

ción alguna a los referidos cómputos, el Secretario del Tribunal notificó a las partes litigantes la finalidad de la decisión de 13 de febrero de 1945. En mayo 28 de 1945 el Tesorero de Puerto Rico interpuso el presente recurso.

Los fundamentos de la moción de desestimación son:

(*a*) Que las decisiones del Tribunal de Contribuciones de Puerto Rico tienen carácter de finales para el Tesorero desde la fecha de la notificación, cuando en la decisión no se ordena que se haga un cómputo.

(*b*) Que en la decisión recurrida no se ordenó al Tesorero que hiciera cómputo alguno.

(*c*) Que siendo el derecho de apelación estatutario, el Tesorero perdió ese derecho por no haberlo ejercitado dentro del término de treinta días desde la fecha en que le fué notificada la decisión, según lo dispuesto por la sección 5 de la Ley núm. 172 de 1941 ((1) pág. 1039), según fué enmendada por la número 169 de 1943 (pág. 601).

En *Island Needlework* v. *Tribunal de Contribuciones,* 65 D.P.R. 723, 727, resuelto en febrero 20, 1946, mucho después de haber quedado sometido el presente recurso, interpretando la Regla Núm. 29 de las Reglas de Procedimiento del Tribunal de Contribuciones de Puerto Rico, las cuales empezaron a regir el 15 de agosto de 1943, dijimos:

"El modo más efectivo para hacer cumplir la ley y las reglas adoptadas por el Tribunal de Contribuciones y para la protección de los contribuyentes y mayor orden en los procedimientos, es que en todos aquellos casos en que el Tribunal de Contribuciones dicte una resolución adversa, en todo o en parte, al contribuyente, se disponga por la misma resolución que el Tesorero haga un nuevo cómputo de la contribución que deberá pagar el contribuyente, de acuerdo con los términos de la decisión, incluyendo en dicho cómputo los intereses, recargos y penalidades autorizados por la ley. Si la decisión fuere totalmente adversa al Tesorero y favorable al contribuyente, la práctica de un nuevo cómputo será innecesaria, toda vez que el contribuyente nada tendría que pagar."

De acuerdo con lo resuelto en el citado caso, los cómputos notificados por el Tesorero en abril 17 de 1945 eran innecesarios toda vez que la decisión recurrida es totalmente adversa al Tesorero y favorable a los contribuyentes. Empero, nuestra decisión sería injusta si, pasando inadvertidas las circunstancias especiales de este caso, rehusamos asumir jurisdicción sobre el recurso interpuesto por el Tesorero.

El primer recurso, Certiorari Núm. 43, fué interpuesto por el Tesorero dentro del término de 30 días contados desde la fecha en que le fué notificada la resolución recurrida, sin haber radicado cómputo alguno. Fueron los contribuyentes interventores los que solicitaron la desestimación e indujeron al Tesorero a allanarse, alegando que el recurso era prematuro porque el Tesorero no había radicado ni notificado a los querellantes "los cuatro cómputos que por Ley viene obligado a efectuar como consecuencia de la resolución favorable." Ahora, después de haber insistido en que los cómputos eran necesarios, los mismos interventores alegan lo contrario en un esfuerzo para conseguir la desestimación del presente recurso.

Considerando que el Tesorero de Puerto Rico fué diligente en la radicación del primer recurso, Certiorari Núm. 43, y que éste hubiese sido proseguido hasta su resolución definitiva, a no ser por la cuestión levantada por los interventores, opinamos que el Tribunal puede y debe usar su discreción en el sentido de considerar el presente recurso como una continuación de o una petición para reinstalar el Recurso de Certiorari Núm. 43, el cual fué radicado dentro del término legal.

*La moción de desestimación será declarada sin lugar. El recurso de Certiorari Núm. 43 será reinstalado, el Núm. 60 será desestimado y el Tribunal procederá a considerar y resolver el caso en sus méritos.*