RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL ARCELAY DE LA ROSA, interventor.

Núms. 117, 118, 119 y 120.—*Sometidos:* Febrero 26, 1947. *Resueltos:* Marzo 5, 1947.

*Hon. Procurador General Interino, Luis Negrón Fernández, y Carlos Santana Becerra y Elmer Toro Lucchetti, Procuradores Generales Auxiliares,* abogados del peticionario; *F. Fernández Cuyar,* abogado del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Este caso versa sobre una deficiencia de contribuciones sobre ingresos resolviendo el Tribunal de Contribuciones algunos puntos a favor del Tesorero y otros a favor del contribuyente. El Tribunal de Contribuciones ordenó al Tesorero que radicara un cómputo a tenor con su decisión. El Tesorero, aun cuando no había radicado todavía el cómputo, presentó una solicitud de *certiorari* ante este Tribunal. Expedimos el auto para revisar las conclusiones del Tribunal de Contribuciones adversas al Tesorero en cuanto a jurisdicción y a una cuestión substantiva. Consideramos ahora una moción de desestimación radicada por el contribuyente por el fundamento de que la solicitud de certiorari, habiendo sido presentada antes de que el Tesorero radicara el cómputo, es prematura.

■■ Ya hemos resuelto que cuando una decisión es enteramente adversa al contribuyente, o como ocurre aquí, parcialmente adversa al contribuyente, debe radicarse un nuevo cómputo antes de que podamos actuar. Sólo cuando la decisión es enteramente adversa al Tesorero es que no se necesita el nuevo cómputo para que el Tesorero pueda invocar **nuestra** jurisdicción. *Island Needlework Inc.* v. *Tribunal de Contribuciones,* 65 D.P.R. 723; *Tesorero* v. *Tribunal de Contribuciones,* 66 D.P.R. 898. Aparentemente el Tesorero sustenta el criterio de que estos casos fueron resueltos erróneamente en tanto en cuanto se aplican a una petición de certiorari radicada por el Tesorero.

Arguye el Tesorero que el propósito de la Regla 29 del Tribunal de Contribuciones, que requiere un cómputo antes de que sea final una decisión, es permitirle al contribuyente pagar bajo protesta con el fin de poder invocar la jurisdicción de este Tribunal; y que toda vez que el Tesorero puede venir ante nos sin que se efectúe tal pago, el cómputo no es una condición precedente a la radicación por el Tesorero de una petición de certiorari ante este Tribunal.

La dificultad estriba en que si tratásemos como final una decisión, aun cuando no se radique un cómputo, a los fines de revisarla a instancias del Tesorero, el resultado sería que en un caso como éste en que la decisión favorece parcialmente a cada parte, la decisión sería final para una y no para la otra. Pero el procedimiento depurado exige en el caso corriente, que la decisión sea final al mismo tiempo para todas las partes. Es más, si permitiéramos que el Tesorero siguiera adelante en este caso para revisar aquella parte de la decisión con la cual no está conforme, sin la radicación del cómputo, el contribuyente se quedaría en el aire: no podría pedirnos que revisáramos aquella parte de la decisión que le perjudica debido a la falta de un cómputo; o, si desea acatar la decisión y pagar inmediatamente con el fin de evitar la acumulación de intereses, no podría hacerlo sin un cómputo.

No estamos conformes con la contención del Tesorero de que la Regla 29 no debe aplicarse al Tesorero, porque de aplicársele, le permitiría, retardando la radicación del cómputo, fijar el período jurisdiccional dentro del cual el Tesorero como parte puede radicar una petición de certiorari. La Regla 29 dispone un período limitado dentro del cual el Tesorero debe radicar el cómputo. Es el deber del Tribunal de Contribuciones estar pendiente de que el Tesorero lo radique dentro de dicho período o dentro de una prórroga razonable.

Queremos poner énfasis una vez más, sin embargo, en el hecho de que la disposición de la Regla 29 al efecto de que

una decisión no es final hasta que se radique el cómputo, no debe usarse para litigar cuestiones ajenas a la liquidación del cómputo. La vista sobre el cómputo, de celebrarse alguna, debe limitarse a una controversia matemática. A las partes hay que hacerles comprender que no pueden litigar sus pleitos fragmentariamente. Deben presentar todo su caso en el juicio en los méritos. La vista en cuanto al cómputo debe limitarse solamente a esa cuestión, y no puede utilizarse como un recurso para relitigar las cuestiones que fueron o debieron haberse presentado al Tribunal de Contribuciones en la vista sobre los méritos. *González Padín Co., Inc.* v. *Tribunal de Contribuciones,* 66 D.P.R. 964. Si cualquiera de las partes pretende en ese momento levantar un punto que debió haberse litigado dentro del procedimiento propiamente dicho, el Tribunal de Contribuciones debe negarse a oírlo, a no ser a tenor con una moción para que se deje sin efecto la decisión y se celebre una nueva vista con enmiendas apropiadas de las alegaciones. Y el Tribunal de Contribuciones debe declarar con lugar esa moción en muy raras ocasiones y solamente por los motivos más sustanciales.

◼ Arguye también el Tesorero que la radicación de un cómputo equivaldría a ejecutar la decisión, y haría académica una solicitud posterior de certiorari interpuesto por el Tesorero. No estamos de acuerdo. El fin primordial del cómputo como ya se ha indicado es darle a la decisión dictada carácter de final de manera que el contribuyente pueda pagar o solicitar un recurso de certiorari. Por consiguiente, el hecho de radicar el cómputo no puede de ningún modo intervenir con el derecho del Tesorero a obtener la revisión de esta Corte de la parte de la decisión con la cual está en desacuerdo. Aunque el contribuyente proceda a pagar toda o parte de la contribución de acuerdo con el cómputo, esta Corte no estará impedida de ordenar pagos ulteriores si más tarde sostenemos la teoría del Tesorero.

*La moción del contribuyente para que se desestime este recurso por prematuro se declarará con lugar.*