RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; MARÍA COLLAZO DE CALAF, *et al.,* interventores.

Núm. 43.—*Sometido:* Febrero 14, 1947. *Resuelto:* Marzo 12, 1947.

*Hon. Procurador General Interino, Luis Negrón Fernández (A.D. Marchand Paz, Procurador General Auxiliar,* en el alegato), abogados del peticionario; *D. Guerrero Noble,* abogado de los interventores.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En cuatro querellas radicadas ante el Tribunal de Contribuciones de Puerto Rico, los querellantes alegaron que al determinarse el ingreso neto para la imposición de la contribución sobre sus ingresos, el Tesorero se negó a concederles una deducción para el año 1932, montante a la suma de $54,462.64, por concepto de la depreciación sufrida durante dicho año en las propiedades de la Central Monserrate.

de la cual son condueños. Las cuatro querellas fueron sometidas conjuntamente mediante una estipulación por la cual se admitió que los querellantes por inadvertencia no cargaron en sus libros en el año 1932 la depreciación de las propiedades que usaron en ese mismo año de 1932 en la Central Monserrate, ni hicieron figurar, en sus declaraciones sobre impuesto del año 1932, la depreciación sufrida por tales propiedades. El Tesorero aceptó que las propiedades detalladas en el informe del inspector de contribuciones por el año contributivo de 1933, tomado como base para determinar y conceder depreciación por ese año, son las mismas que fueron usadas por los querellantes en la Central Monserrate durante el año de 1932; y que la depreciación sufrida por esas propiedades durante el año 1932, calculada a los tipos aceptados y usados por el Tesorero de Puerto Rico, asciende a $54,462.64.

El Tribunal de Contribuciones dictó resolución en favor de los querellantes y en contra del Tesorero, declarando que aquéllos tenían derecho a deducir de sus ingresos para el año 1932 la cantidad reclamada por concepto de depreciación, de acuerdo con la doctrina sentada por este Tribunal en *Loíza Sugar Co.* v. *Domenech, Tes.,* 44 D.P.R. 556, 559.

La resolución le fué notificada al Tesorero y éste interpuso el presente recurso de *certiorari.* La moción de desestimación radicada por los interventores fué declarada sin lugar por resolución de 31 de enero de 1947, 66 D.P.R. 898. Procederemos ahora a considerar y resolver el caso en sus méritos.

La Ley de Contribuciones sobre Ingresos núm. 74 de 1925 (pág. 401), la cual regía en el año 1932, disponía:

"Sección 16.—(a) Al computar el ingreso neto se admitirán como deducciones:

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

"(8) Una concesión razonable por el agotamiento, desgaste y de-

terioro de propiedad usada en la industria o negocio incluyendo una concesión razonable por propiedad obsoleta.''

Los reglamentos promulgados por el Tesorero para poner en vigor la referida Ley de Contribuciones sobre Ingresos (Arts. 129 y 130 de los reglamentos federales y 33 revisados) disponían, como requisito para admitir la deducción por concepto de depreciación que ésta fuera cargada o eliminada en los libros del contribuyente, durante el año, de modo que constituya una obligación contra el activo de la corporación.

En *Loíza Sugar Co.* v. *Domenech, Tesorero,* supra, la corporación demandante no consignó en sus libros la cantidad que reclamaba por concepto de depreciación, en la forma requerida por los reglamentos. Interpretando la Ley y los reglamentos aplicables al caso, como lo son al presente, este Tribunal, apoyándose en jurisprudencia de cortes federales(1) resolvió:

"Aunque la corporación apelada no consignara en sus libros los $104,220.04 para depreciación de sus propiedades en la forma requerida por los reglamentos federales sino en una cuenta llamada de ganancias y pérdidas, no obstante, tiene derecho a que dicha cantidad sea deducida para fijar el ingreso neto sobre el cual la contribución sobre ingreso debe ser impuesta, pues hechos verdaderos más bien que constancias de los libros son los que dan derecho a la deducción.

"* * * * * * * *

"El gobierno no puede inventar ingresos a base de errores en la forma de llevar los libros el contribuyente porque la imposición y la determinación del ingreso neto tributable descansa en hechos ciertos y no en teorías, tecnicismos o entradas en libros de contabilidad.''

En su obra ''Depreciación, Principios y Aplicaciones'', pág. 502, el Profesor Earl A. Saliers, de la Universidad de Yale, dice:

---

(1)*Chattanooga Sav. Bank* v. *Brewer,* 9 Fed. 2d. 982; *Haugh & Keenan Storage & Transfer Co.* v. *Heiner,* 20 Fed. 2d 921; *Doyle* v. *Mitchell Bros. Co.* 247 U.S. 179, 62 L. Ed. 1054; *Southern Pacific R. R. Co.* v. *Muenter,* 260 Fed. 837; *Baldwin Locomotive Works* v. *McCoach,* 221 Fed. 59.

"Menoscabo en el valor de la propiedad a causa de agotamiento, desgaste y deterioro en el curso del negocio es un hecho real, ya esté o no evidenciado por asientos en los libros.

\* \* \* \* \* \* \*

"Cuanto se dice en el párrafo anterior al efecto de que la deducción por depreciación debe ser cargada antes de que pueda ser rebajada no quiere decir que la depreciación habida durante un año pueda cargarse al ingreso de otro año a los fines de la contribución sobre ingresos; tampoco significa que el dejar de rebajar la depreciación antes de cerrar las cuentas para el año impedirá que el contribuyente a la larga haga la rebaja. Quiere decir que si el contribuyente por inadvertencia deja de hacer los asientos correspondientes en sus libros antes de cerrarlos para el año durante el cual ocurrió la depreciación, y omite hacer la correspondiente deducción del ingreso bruto en su planilla para ese año, él puede abrir de nuevo sus libros, efectuar los asientos adecuados de reajuste en ellos y presentar una planilla enmendada demostrativa de la verdadera deducción por depreciación, siempre que no se pruebe la existencia de mala fe o negligencia crasa en la preparación de su planilla original y en la manera en que él llevaba sus libros."

En el presente caso no existe controversia alguna en cuanto a los hechos esenciales. El Tesorero ha admitido como hechos ciertos que las propiedades usadas por los querellantes en la Central Monserrate durante el año 1933, sobre las cuales se les concedió depreciación por ese año, son las mismas usadas por los querellantes durante el año de 1932; y que la depreciación sufrida por esas propiedades durante 1932 asciende a la suma de $54.462.64 que se reclama. El Tesorero no ha alegado en forma alguna la existencia de mala fe por parte de los querellantes, ni tampoco que éstos dejaran intencionalmente de consignar en sus libros el montante de la depreciación con el propósito de defraudar al gobierno o a alguna otra persona, lo que equivale a admitir que la omisión se debió a una mera inadvertencia. Siendo esto así, creemos que es aplicable la doctrina sentada en *Loíza Sugar Co.* v. *Domenech, Tes.,* supra. Es cierto que en el citado caso la contribuyente no hizo constar la depreciación en la "Cuenta de Reserva", ni tampoco la abonó di-

rectamente a la cuenta de las propiedades, pero la hizo constar en una cuenta especial que llamó "de explotación", mientras que en el presente caso los querellantes se olvidaron por completo de hacer anotación alguna en sus libros. Empero, esa diferencia que hemos apuntado no sería, a nuestro juicio, suficiente para justificar la aplicación al caso de autos de una regla distinta a la que establecimos en el caso de *Loíza Sugar Company.*

Con posterioridad a nuestra decisión en *Loíza Sugar Company* v. *Domenech,* la Legislatura por la Ley núm. 31 de 1941 ((1) pág. 479) enmendó la sección 32 de la Ley de Contribuciones Sobre Ingresos, la cual quedó redactada, en lo pertinente, como sigue:

"Sección 32.—(*a*) Al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la Sección 28, se admitirán como deducciones:

\*        \*        \*        \*        \*        \*        \*

(6) Una concesión razonable por el agotamiento, desgaste, deterioro de propiedad usada en la industria o negocio, incluyendo una concesión razonable por la obsolecencia, pero no se concederá deducción alguna bajo este inciso, a menos que el agotamiento, desgaste, deterioro o depreciación aparezca claramente en los libros de la contribuyente como sufridas durante el año contributivo, en aquellos casos en que la contribuyente lleve libros. *Disponiéndose,* que ello no implica que el Tesorero continúe obligado a aceptar las pérdidas consignadas en los libros en este concepto; . . . "

No siendo aplicable la ley en su forma enmendada a los hechos de este caso, no expresaremos opinión alguna en cuanto a su significado y alcance.

*Por las razones expuestas opinamos que el Tribunal de Contribuciones no cometió el error que se le imputa y que la resolución recurrida, dictada en febrero 13 de 1945, debe ser confirmada.*

El Juez Asociado Sr. Snyder disintió.