RONRICO CORPORATION, querellante y apelada, *v.* TESORERO DE PUERTO RICO, querellado y apelante.

Número 10909.

*Sometido:* 3 de junio de 1953. *Resuelto:* 8 de noviembre de 1954.

412

*Hon. Secretario de Justicia José Trías Monge* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelante; *Fiddler, González & Nido,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Este caso fué sometido ante el anterior Tribunal de Contribuciones de Puerto Rico, mediante la estipulación de hechos que a continuación se copia:

"1.—Que con fecha 14 de marzo de 1944 la querellante rindió al Tesorero de Puerto Rico su declaración de ingresos por el año contributivo terminado en 31 de diciembre de 1943.

2.—Que en igual fecha de 14 de marzo de 1944 la querellante pagó voluntariamente, a base de la planilla o declaración preparada por ella misma y referida anteriormente, su contribución de ingresos correspondiente a dicho año de 1943.

3.—Que con fecha 25 de septiembre de 1945 la querellante radicó ante el Tesorero de Puerto Rico los siguientes documentos:

(1) Una declaración de ingresos enmendada por el año contributivo terminado en 31 de diciembre de 1943, en la cual rebajaba de sus ingresos la cantidad de $22,500 por concepto de bonificación a oficiales de la corporación, por cuanto dicha partida no constituía un ingreso.

(2) Una reclamación de reintegro por la suma de $4,500 para el año 1943 como resultado de haber rebajado el ingreso neto en la cantidad referida de $22,500.

4.—Que el querellado, Tesorero de Puerto Rico, efectuó en 16 de agosto de 1948 una investigación de las declaraciones de contribuciones sobre ingresos de la querellante correspondientes a los años de 1942 y 1943.

5.—Que como resultado de dicha investigación el querellado reajustó el ingreso neto tributable de la querellante para el año contributivo de 1943, concediendo la rebaja de $22,500 anteriormente referidos que representaban bonificaciones a oficiales de la corporación, y, por lo tanto, no constituían un ingreso, y además, concediendo otros ajustes que rebajaron el ingreso neto en $4,961.79. Esa nueva determinación o reajuste fué notificada a la querellante el 13 de octubre de 1948.

6.—Que tomando asímismo como base la investigación anteriormente referida el querellado, en igual fecha de 13 de octubre de 1948, notificó a la querellante una deficiencia tentativa de su contribución de ingresos correspondiente al año 1942 montante a $14,448.32. En el cómputo de esta deficiencia el querellado tomó en consideración el reajuste anteriormente referido efectuado en la planilla de 1943, y en consecuencia concedió un crédito por concepto de contribuciones pagadas en exceso, más sus intereses, para el año 1943, de $7,030.21 Copias fieles y exactas de la notificación de 13 de octubre de 1948 y sus anexos aparecen unidas a la querella y se hacen formar parte de esta Estipulación.

7.—Que como resultado de una solicitud de reconsideración oportunamente radicada por la querellante, y la vista administrativa correspondiente concedida por el querellado, éste, con fecha 23 de febrero de 1949, notificó a dicha querellante su resolución definitiva por la cual determinó una deficiencia en contribución sobre ingresos a pagar para el año 1942 de $13,888.95. Copias fieles y exactas de dicha notificación y sus anexos aparecen unidas a la querella y se hacen formar parte de esta Estipulación.

8.—Que como resultado de la vista administrativa, la cual fué celebrada el 16 de enero de 1949, el querellado, en adición al reajuste y concesiones hechos en la notificación de 13 de octubre

de 1948, determinó que la querellante tenía derecho a y concedió como una deducción adicional al ingreso neto para el año 1943 la suma de $15,103.05.

9.—Que dicha partida de $15,103.05 correspondía a un cargo por concepto de flete y otros gastos relacionados con un cargamento de botellas y accesorios afín que la querellante erróneamente consideró como un gasto ordinario de operación en vez de un cargo a inventario de botellas, y por ende, erróneamente lo dedujo como un gasto en su planilla de ingresos correspondiente al año 1942.

10.—Que con motivo del error de apreciación que se menciona en el párrafo que antecede, la querellante no incluyó los referidos gastos como parte de su costo de adquisición (*cost basis*) al disponer en el año 1943 y en el curso de sus negocios de los artículos antes mencionados y que fueron objeto de dichos gastos, informando por lo tanto, en su declaración de ingreso correspondiente al año 1943 un beneficio en venta de $15,103.05 más de lo que hubiera informado de haber podido entonces anticipar que el querellado había de rechazar los referidos gastos como una deducción para el año 1942.

11.—Que la querellante en su solicitud de reconsideración de la deficiencia originalmente notificádale con fecha 13 de octubre de 1948, y que se relacionó con los años contributivos de 1942 y 1943, reclamó que le acreditaran a la deficiencia determinada para el año 1942 la contribución pagada en exceso en el año 1943 por error en la contabilización de la partida de $15,103.05 anteriormente referida.

12.—Que el querellado, como resultado de los reajustes y concesiones efectuados para el año 1943, determinó que la querellante había pagado una contribución de ingreso para dicho año de 1943 en exceso de la que debió haber pagado para dicho año de $8,512.96, sin incluir intereses.

13.—Que a pesar de lo expresado en el párrafo que antecede, el querellado, en el cómputo de la referida deficiencia de $13,888.95 para el año 1942, notificada el 23 de febrero de 1949, tan sólo le acreditó a la querellante y le permitió compensar contra la deficiencia determinada para el año 1942 la suma de $4,500, más intereses al 6% anual sobre dicha suma hasta febrero 28 de 1949 por la cantidad de $1,337.27, por el motivo de que la querellante había reclamado reintegro dentro del término de cuatro años fijado por la ley únicamente en la referida suma de $4,500.

14.—Que, como se desprende de los párrafos 7, 12 y 13 de esta Estipulación el crédito solicitado por la querellante en este recurso es mucho menor que la deficiencia determinada para el año 1942.

15.—Que las partes aceptan que la querellante incurrió en el gasto de $15,103.05 en el año 1942, y aceptan asimismo que dicha partida pudo haberse descontado en el año contributivo de 1943 a los fines de determinar el beneficio en venta de los productos de la querellante.

16.—Que la razón que tuvo el querellado para negarse a acreditar contra la deficiencia de 1942 cantidad alguna en exceso de los dichos $4,500, más sus intereses, fué la de no haberse reclamado el correspondiente reintegro por parte de la querellante dentro del término de cuatro años que determina la ley, a partir de la fecha del pago."

El Tribunal Superior de Puerto Rico, por voz de su ilustrado Juez señor Polo, resolvió la querella a favor de la contribuyente, por el siguiente fundamento:

"Es cierto que la demandante no solicitó el reintegro de la cantidad pagada en exceso por contribuciones correspondientes al año 1943 dentro del término de cuatro (4) años que determina la ley; pero el Tesorero de Puerto Rico, ahora Secretario de Hacienda, para resolver la solicitud de reintegro hecha por la demandante en tiempo, relacionada con los $22,500 pagados por la demandante por concepto de bonificaciones a sus oficiales, abrió a investigación los años contributivos de la demandante de 1942 y 1943 y determinó que la partida de $15,103.05 deducida por la demandante en 1942 por concepto de flete y otros gastos incurridos por la demandante debieron cargarse a inventario y no a gastos de operación. Esta actuación del demandado es correcta, y así lo acepta la demandante. Sin embargo, la misma tuvo el efecto de producir una deficiencia en la contribución que pagó la demandante para el año 1942, y como consecuencia de ello, un pago en exceso en cuanto a la contribución de 1943.

"Es inescapable la conclusión de que la deficiencia del año 1942 y el pago en exceso del año 1943 surgieron de una misma transacción, y consecuentemente surge la conclusión de derecho de que a la demandante debe acreditársele, por vía de reconvención, contra la deficiencia impuesta para el año 1942, la contribución sobre ingresos pagada por ella en exceso en el año 1943 correspondiente a la deducción de $15,103.05, indebidamente to-

mada por la demandante en el primero de dichos años y que el querellado acepta que la demandante tenía derecho a deducir en el segundo, puesto que como se dijo en el caso de *Cía. Azucarera* v. *Tribl. de Contribuciones y Tes.*, 72 D.P.R. 909 (a la pág. 928) :

" 'La peticionaria tiene derecho, no a una sentencia a su favor por lo que pagó en exceso en 1936, ya que, como se ha dicho gráficamente en cuanto a la doctrina de reconvención, ésta constituye un escudo pero no una espada, sino a que, tratándose de una sola transacción que ocasionó la deficiencia de 1935, se le proteja en cuanto al pago de ésta en el monto del exceso de 1936. Aunque en el caso de *González Padín,* supra, llegamos a una conclusión distinta ello se debió al hecho de que allí la reclamación del contribuyente no surgió de la misma transacción.'

"La reconvención . . . 'está fundada en la teoría equitativa de que todas las contribuciones y los créditos que surgen de la misma transacción—ya se paguen o se obtengan las contribuciones o créditos en los mismos o en diferentes años—deben reajustarse sin referirse al término prescriptivo con el fin de evitar ei enriquecimiento injusto de una parte que intenta tramitar inconsistentemente la misma partida en épocas diferentes." *González Padín Co.* v. *Tribl. de Contribuciones,* 66 D.P.R. 964.

El Secretario de Hacienda apela ante nos de dicho pronunciamiento, señalando los siguientes errores :

"1. Erró el tribunal inferior al concluir que 'es inescapable la conclusión de que la deficiencia del año 1942 y el pago en exceso del 1943 surgieron de la misma transacción.'

"2. Erró el tribunal inferior al aplicar al caso de autos la declaración judicial de esta Superioridad en el caso de *Cía. Azucarera del Toa,* 72 D.P.R. 909."

Estamos conformes con el apelante que uno de los requisitos indispensables para la aplicación de la teoría de la compensación equitativa (*equitable recoupment*) es que tanto la deficiencia como el pago en exceso cuyo reintegro esté prescrito, deben surgir de la misma transacción. Estamos conformes asimismo que esta figura jurídica que conocemos por "transacción" es difícil de definir cuando la misma se refiere a asuntos contributivos.

La primera dificultad estriba en que el concepto de transacción en materia contributiva resulta distinto al concepto de "transacción" en acciones bajo el Derecho Común. También resulta distinto al propio concepto románico de compensación (*compensation*) que contiene nuestro Código Civil. En el Derecho Común, la "transacción es una palabra de un significado variable (*flexible meaning*) que puede comprender una serie de sucesos (*ocurrences*) que dependen más para su conexión de su relación lógica que de su contemporaneidad": *Moore* v. *New York Cotton Exchange*, 270 U. S. 593, 70 L. ed. 750 (Sutherland), (1926), cita precisa a la pág. 610 U. S., 757 L. ed. Algunas veces se ha utilizado en este sentido en casos contributivos: *Artaphone Corporation* v. *Coale*, 133 S.W.2d 343, (*Cooley*), (1939), cita precisa a la página 348; *United States* v. *Rodgers*, 94 F.2d 666, (*Biggs*), (1938), cita precisa a la página 669. En nuestro Derecho Civil la similitud en cuanto a la materia (*subject*) cede a la relación directa entre las personas, y por lo tanto, tan pronto se da el fenómeno jurídico que una persona resulte a la vez acreedora y deudora de otra, independientemente de la identidad de las reclamaciones, se declaran legalmente compensadas una obligación por la otra, hasta donde alcancen sus respectivas acreencias, siempre que ambas obligaciones resulten líquidas y exigibles, de lo cual resulta a su vez, que las acreencias prescritas no son compensables: arts. 1149, 1156 del Código Civil de Puerto Rico; 8 Manresa—Código Civil español 712, 731, (Quinta ed. rev. del Instituto Editorial Reus), (1950).

Casualmente fué la necesidad de llevar la compensación equitativa más allá del estatuto de prescripción, lo que ha producido la restricción de su concepto, en materia contributiva, haciéndolo descansar más en la identidad o similitud de la reclamación, que en la relación de deudor-acreedor y de acreedor-deudor de las personas envueltas. Cuando fallamos el caso de *González Padín Co.* v. *Tribl. de Contribuciones*, supra, cita precisa a la pág. 970 escolio 2, dejamos claramente establecida la advertencia que el concepto misma transacción

418

"tiene un alcance mucho más limitado en pleitos contributivos que en otros casos." La identidad en la reclamación se produce cuando una misma partida (*item*) referente a un mismo bien o fondo monetario (*fund*), se encuentra sujeta a dos imposiciones contributivas antitéticas, que produzcan por un lado una deficiencia y por otro un sobrepago, bien sea por una errónea aplicación de la ley o por una errónea contabilización de la misma partida: *Compañía Azucarera* v. *Tesorero*, 72 D.P.R. 909, (*Todd hijo*), (1951), cita precisa a la pág. 924, *et..seq.; Bull* v. *United States*, 295 U. S. 247, 79 L. ed. 1421, (*Roberts*), (1935), cita precisa a las págs. 260–262 U. S. 1427–1428 L. ed; *Stone* v. *White*, 301 U. S. 532, 81 L. ed. 1265, (*Stone*), (1937), cita precisa a las págs. 535–538 U. S., 1270–1271 L. ed.; *Rothensies* v. *Electric S. B. Co.* 329 U. S. 296, 91 L. ed. 296, (*Jackson*), (1946), cita precisa a la página 300 U. S., 299 L. ed.; *Dixie Margarine Co.* v. *Commissioner*, 115 F.2d 445, (*Arant*), (1940), cita precisa a la pág. 445.

En este caso la partida que motivó la deficiencia determinada para el año 1942 fué la partida de $15,387.41, que correspondía a un cargo por concepto de fletes y otros gastos relacionados con un cargamento de botellas y accesorios afines, que la querellante erróneamente consideró como un gasto ordinario de operación en vez de un cargo a inventario de botellas, por lo cual erróneamente lo dedujo como gasto de su planilla de ingresos correspondiente al año 1942; al disponer en el año 1943 de los artículos mencionados no incluyó los referidos gastos como parte de su costo de adquisición (*cost basis*), informando, por lo tanto, en su declaración de ingreso del año 1943 un beneficio por concepto de ventas de $15,387.41 más de lo que hubiera informado, de haber podido entonces anticipar que el querellado había de rechazar los referidos gastos como una deducción para el año 1942. Como se ve, se trata de una sola partida, erróneamente contabilizada, que produce en el 1942 una deficiencia en el montante de las ventas por haber sido incluída como gasto de operación, y produce en el 1943 un sobrepago en el montante del beneficio

por no haber sido incluída en el costo de adquisición. La partida es la misma, el cuerpo monetario idéntico. De permitirse, la doble imposición la contribuyente quedaría responsabilizada por una cantidad mayor que la que normalmente le hubiera corrrespondido dentro de la carga contributiva.

■ Como la teoría de la compensación equitativa representa una evasión del término prescriptivo para solicitar el reintegro, la jurisprudencia también ha establecido la norma que la compensación no debe ser concedida cuando se trata de reclamaciones vencidas por un largo período de tiempo, *Rothensies* v. *Electric S. B. Co.*, supra, cita precisa a la pág. 302 U. S., 301 L. ed. En este caso el sobrepago se produjo en el 1943; la investigación del Tesorero fué en agosto 1948; la notificación final de la nueva determinación fué en 23 de febrero de 1949. No creemos que el caso, para la operación beneficiosa de la compensación equitativa, resulte tan inusitado que nos obligue a estudiar este ángulo de la cuestión litigiosa.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Ortiz no intervino.