ARBONA HERMANOS TRADING, demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* R-63-117        *Resuelto:* 23 de octubre de 1964

*Joaquín Lago Padín,* abogado de la recurrente; *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Procurador General Auxiliar,* e *Irene Curbelo, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: El Secretario de Hacienda notificó deficiencias a Arbona Hermanos Trading para los años 1951 a 1955 al ajustarle partidas por concepto de sueldos, cuentas incobrables y depreciación. Visto el caso, la Sala sentenciadora dictó sentencia en 6 de noviembre de 1962 fijando el monto de cada una de dichas partidas para cada uno de los años envueltos y ordenó la radicación de cómputos. Los cómputos fueron radicados el 4 de diciembre de 1962 y en esa fecha el contribuyente presentó un escrito haciendo constar que durante esos años había alquilado a empresas industriales exentas del pago de contribución, un edificio que produjo rentas, y pedía al Tribunal que al hacerse el cómputo se tuviera en consideración la exención contributiva sobre dichas rentas. Con ese escrito acompañó una comunicación del Departamento de Hacienda, de donde surge que a los efectos de la contribución sobre la propiedad de dicho edificio, se le concedía al contribuyente exención por haber estado el mismo arrendado a entidades industriales que el Departamento de Hacienda constató que disfrutaban de exención. En efecto, surge de las planillas presentadas por el contribuyente desde el 1951 a 1955 que él incluyó como parte del ingreso tributable las rentas pagadas por dichas entidades.

A esa petición se opuso el Secretario y sin que se hubiera resuelto la cuestión el contribuyente presentó otro escrito en 4 de marzo de 1963 pidiendo que se dejara sin efecto la sentencia bajo la Regla 49 de modo que él pudiera alegar la referida exención. El Tribunal dictó resolución negándose a considerar la cuestión de la exención en el incidente de cómputo y negó también la solicitud para dejar sin efecto la sentencia. En este recurso no se discute el fallo en los méritos.

La Ley Núm. 203 de 3 de mayo de 1951 declaró exenta del pago de contribuciones sobre la propiedad toda propiedad construida a partir del 14 de febrero de 1949 que fuera arrendada a una industria exenta de contribución.

Declaró igualmente exenta de la contribución sobre ingresos la compensación que una persona recibiera por el arrendamiento, uso o usufructo de la propiedad utilizada por tal industria exenta. Incuestionablemente, en el incidente de cómputo no procedía adjudicar la reclamación del contribuyente con motivo de esta exención, cosa extraña a las partidas en discusión. *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 67 D.P.R. 13 (1947).

■ Es cierto que el demandante incluyó como ingreso las rentas pagadas por esas entidades industriales que el Departamento de Hacienda constató que gozaban de exención. Pero la negativa de la Sala sentenciadora a dejar sin efecto la sentencia debe sostenerse, tratándose de la reclamación de una exención concedida por ley y no de un hecho que fuera parte misma de la controversia. Se requería la previa determinación administrativa, ya que la eliminación de ese ingreso podría dar lugar a reajustes en otros aspectos de la declaración. Por ejemplo, la Sec. 24 de la Ley de Contribuciones sobre Ingresos de 1954 no permite deducciones, de otro modo admisibles, relacionadas con un ingreso exento.

■ *Se confirmarán la sentencia y la resolución recurridas. Habiéndose pagado la contribución determinada para dichos años el 23 de abril de 1963, lo aquí dispuesto no prejuzga ni impide el derecho del contribuyente a reclamar del Secretario de Hacienda de acuerdo con lo dispuesto en las Secs. 322 y siguientes de la Ley que le reintegre aquella parte de la contribución pagada que corresponde al ingreso exento, ni impide que el Secretario pueda conceder tal reintegro en la forma en que se dispone por ley.*