SECRETARIO DE HACIENDA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. A. D. MARCHAND PAZ, JUEZ, demandado; PEDRO SILVA PABÓN, interventor.

*Número:* C-65-45    *Resuelto:* 16 de diciembre de 1965

*J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Genovevo Meléndez Carrucini,* abogado del interventor.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El récord demuestra que el Secretario de Hacienda investigó los años 1951 al 1957 del contribuyente Pedro Silva Pabón y determinó un ingreso neto tributable para dichos años en un total de $30,779.54. Para los años 1958, 1959 y 1960 el contribuyente rindió planillas exentas de contribución. En abril de 1960 se publicó la noticia de un robo en la residencia del contribuyente de la cantidad de $60,000. El Secretario ordenó una investigación del hecho y el resultado de dicha investigación fue que le determinó al contribuyente un estado de capital a la fecha del robo, abril de 1960, e incluyó como un activo de ese capital los referidos $60,000. Rebajó

a ese estado de capital el ingreso que entendió que el contribuyente tenía para invertir al primero de enero de 1958 y la diferencia la consideró como un incremento de ingreso que distribuyó proporcionalmente a razón de $33,953.40 para cada uno de los años de 1958 y 1959 y $11,317.93 para el año 1960.

Como resultado de esta capitalización el Secretario notificó deficiencias al contribuyente en la cantidad de $8,052.24 para el año 1958 y de $7,503.69 para el 1959. El contribuyente radicó su planilla del año 1960, exenta de contribución, en abril de 1961. El 25 de abril de 1962 el Secretario notificó finalmente las deficiencias envueltas en este litigio para los años 1958 y 1959. El Secretario no notificó deficiencias para el año 1960, no obstante el hecho de que le había determinado al contribuyente ingreso tributable para ese año en adición al declarado, en por lo menos $11,317.93.

El contribuyente impugnó las deficiencias ante la Sala de San Juan del Tribunal Superior en demanda en la cual alegó que ilegal y erróneamente el Secretario le había computado para dichos años esos alegados ingresos que eran inexistentes. Posteriormente, después de un cambio de representación legal, pidió que se le permitiera enmendar su demanda para incluirle la alegación de que al determinarle el ingreso para dichos años de 1958 y 1959 el Secretario no le había concedido deducciones a que tenía derecho incluyendo una pérdida neta en operaciones del año 1960 con motivo del robo, que podía retrotraer al año anterior de 1959. La Sala sentenciadora permitió la enmienda a la demanda. Esa actuación es la que ahora revisamos por *certiorari* sin que hayamos de entrar en los méritos en sí de la cuestión litigiosa.

Sostiene el Secretario en su petición ante nos que no procede la enmienda porque el contribuyente no había reclamado esas deducciones en la planilla ni ante el Secretario; que el Secretario no había "tenido oportunidad de investigar" si en realidad la alegada pérdida es deducible, y que la partida que

el contribuyente pretende discutir no estaba ante el Tribunal y correspondía además a un año posterior a los años en litigio.

Antes de ser enmendado por la Ley Núm. 8 de 19 de abril de 1963 efectiva para años contributivos comenzados después del 31 de diciembre de 1961, el apartado (e) de la Sec. 23 de la Ley de Contribuciones sobre Ingresos de 1954 permitía al individuo como una deducción del ingreso bruto (3) la pérdida sufrida durante el año no compensada por seguro o en otra forma, de propiedad no relacionada con la industria o negocio, ocurrida por fuego, huracán, etc., o por robo.

El apartado (s) de la propia Sec. 23 concede como deducción al ingreso bruto para cualquier año contributivo posterior al 31 de diciembre de 1953, la pérdida neta en operaciones computada bajo la Sec. 122. La Sec. 122 define la pérdida neta en operaciones como el exceso de las deducciones admitidas por la Ley sobre el ingreso bruto, con las excepciones, adiciones y limitaciones provistas en dicha Sección. Esta misma Sec. 122 da derecho al contribuyente a retrotraer una pérdida neta en operaciones como deducción al año precedente, y a arrastrarla a cada uno de los cinco años contributivos siguientes.

En apoyo de su posición, el peticionario invoca con énfasis lo resuelto por este Tribunal en *Arbona Hnos. Trading v. Srio. de Hacienda*, 91 D.P.R. 85 (1964), y los casos de *Piñán Vda. de Fajardo v. Srio. de Hacienda*, 83 D.P.R. 314 (1961) y *Petrovich v. Srio. de Hacienda*, 79 D.P.R. 250 (1956). En el caso de *Arbona* hubo sentencia del Tribunal fijando el monto de las deficiencias en litigio. En el incidente posterior relativo al cómputo de la contribución, el contribuyente alegó que durante los años envueltos había alquilado a empresas industriales exentas del pago de contribución un edificio que producía rentas y solicitó del Tribunal que al computar la contribución considerara la exención contributiva sobre dicha renta. Era cierto el hecho de que las referidas rentas estaban exentas de contribución y también que el

contribuyente las había incluido como ingreso tributable en sus planillas. La Sala sentenciadora se negó a acceder a lo solicitado y se negó también a dejar sin efecto la sentencia de modo que se pudiera alegar la referida exención. Resolviendo ese recurso dijimos: "Incuestionablemente, en el incidente de cómputo no procedía adjudicar la reclamación del contribuyente con motivo de esta exención, *cosa extraña a las partidas en discusión. Buscaglia, Tes.* v. *Tribunal de Contribuciones*, 67 D.P.R. 13 (1947). Es cierto que el demandante incluyó como ingreso las rentas pagadas por esas entidades industriales que el Departamento de Hacienda constató que gozaban de exención. Pero la negativa de la Sala sentenciadora a dejar sin efecto la sentencia debe sostenerse, tratándose de la reclamación de una exención concedida por ley *y no de un hecho que fuera parte de la misma controversia*. Se requería la previa determinación administrativa, ya que la eliminación de ese ingreso podría dar lugar a reajustes en otros aspectos de la declaración. Por ejemplo, la Sec. 24 de la Ley de Contribuciones sobre Ingresos de 1954 no permite deducciones, de otro modo admisibles, relacionadas con un ingreso exento." (Énfasis puesto ahora.) Véanse, no obstante, *García Díaz* v. *Srio. de Hacienda*, 91 D.P.R. 409 (1964), el penúltimo párrafo de la opinión; *Central Roig* v. *Secretario de Hacienda*, 83 D.P.R. 904 (1961); *Comunidad Fajardo* v. *Tribunal de Contribuciones*, 73 D.P.R. 543, 558 (1952); *Reyes García* v. *Srio. de Hacienda*, 84 D.P.R. 596, 607 (1962).

En *Piñán Vda. de Fajardo* v. *Srio. de Hacienda*, la Sala de instancia sostuvo deficiencias para los años 1945 y 1946 pero a la vez decretó un ajuste acreditándole a la contribución determinada para 1945 la contribución pagada sobre ciertas sumas incluidas como ingreso por el mismo concepto en los años 1941, 1942, 1943 y 1944. Seguimos la norma sentada en *Petrovich* v. *Secretario de Hacienda*, supra, y sostuvimos que la Sec. 57 (h) de la Ley de Contribuciones sobre Ingresos de 1924, sección a la cual nos referiremos más ade-

lante, limitaba la jurisdicción del Tribunal Superior a fijar la deficiencia para el año contributivo en controversia, y que no había jurisdicción para determinar si se habían realizado pagos en exceso en cualquier año contributivo anterior o posterior, a los efectos de resolver cualquier reconvención por vía de defensa basada en tales pagos en exceso.

En la opinión original de *Petrovich* v. *Secretario de Hacienda*, 77 D.P.R. 164 (1954), la contribuyente, por vía de reconvención, trató de que el Tribunal le concediera, contra la contribución determinada para el año 1941, cantidades que alegaba había pagado en exceso por razón del mismo concepto de ingreso en los años 1942 y 1943. En esas condiciones dijimos que para que pudiera aplicarse la doctrina de reconvención debía surgir de los hechos que los allí contribuyentes tenían un crédito a su favor y en contra del gobierno por contribuciones pagadas *en exceso* en los años 1942 y 1943 y ver, según los hechos, si se había cumplido con la exigencia de que ello surgiera de una misma transacción. Dijimos que no era necesario entrar en esto último porque los hechos incontrovertidos demostraban a lo sumo que los contribuyentes habían pagado contribuciones sobre el mismo concepto de ingreso para los años 1942 y 1943 y que ello no implicaba por sí solo que los contribuyentes tuvieran un crédito contra el gobierno, si en realidad ellos no habían demostrado que pagaron contribuciones en exceso en 1942 y 1943, ya que para hacer esta determinación el Secretario de Hacienda tenía facultad para investigar todas las partidas que figuraran en dichos años con el fin de determinar si realmente resultaba un pago en exceso. Dijimos que los contribuyentes no podían, por vía de reconvención, sostener un pago en exceso a base sólo de una de las partidas envueltas.

En la opinión emitida en *reconsideración*, 79 D.P.R. 250, este Tribunal de hecho no se pronunció sobre el particular porque aplicó, pendiente la apelación, la Sec. 57 (h) adicionada a la Ley de 1924 y la mayoría se declaró sin jurisdicción so-

bre esta materia. Véanse también *González Padín Co.* v. *Tribunal de Contribuciones*, 66 D.P.R. 964 (1947) y *Cía. Azucarera* v. *Tribunal de Contribuciones*, 72 D.P.R. 909 (1951).[1]

El caso de autos presenta un cuadro de hecho y de derecho enteramente distinto. No está aquí envuelta la litigación de partidas sustantivas por vía del incidente del cómputo de la contribución, ni tampoco hay aquí envuelto un problema de reconvención, ya sea legal o de índole equitativa, según los casos mencionados. Cuando se aprobó la Ley de Contribuciones sobre Ingresos de 1954 en 29 de junio de ese año, se dispuso por primera vez en Puerto Rico, Sec. 272 (g) de dicha Ley, de la siguiente manera:

"El Tribunal Superior al considerar una deficiencia con respecto a cualquier año contributivo considerará aquellos hechos relacionados con las contribuciones para otros años contributivos *según fuere necesario para determinar correctamente el monto de dicha deficiencia*, pero al así hacerlo no tendrá facultad para resolver si la contribución para cualquier *otro* año contributivo ha sido pagada en exceso o de menos."

Con el fin de unificar el procedimiento, tanto para los litigios de deficiencias de años anteriores a la Ley de 1954 como para años cubiertos por la vigencia de esta Ley, se aprobó posteriormente la Ley Núm. 9 en 8 de octubre de 1954, y se le adicionó a la Ley de 1924, como Sec. 57 (h), la disposición anterior, Sec. 272 (g). Es obvio, según sostuvimos en *Petrovich* y luego en *Piñán*, antes citados, que al determinar una contribución de deficiencias para cualquier año contributivo el Tribunal no tiene facultad para resolver si la contribución para cualquier otro año contributivo ha sido pagada en exceso o de menos lo cual le priva de hacer determinación alguna, por vía de reconvención o como sea, de la existencia de un crédito de la contribución pagada en exceso

---

[1] Véanse también *Ronrico Corporation* v. *Tesorero*, 77 D.P.R. 411 (1954).

en otros años contra la contribución determinada. Pero no es menos obvio que la Sec. 272 (g) le da facultad al Tribunal Superior, al considerar una deficiencia con respecto a cualquier año contributivo, para considerar aquellos hechos relacionados con las contribuciones para otros años contributivos según fuere necesario para determinar *correctamente* el monto de la deficiencia en un determinado año.

■■■ Al contribuyente se le notificó una deficiencia para el año 1959. La Sec. 122 de la Ley le permite retrotraer al año 1959 cualquier pérdida neta en operaciones que tuviere en el año 1960. Esta retrotracción la innovamos con la Ley de 1954 y el entonces Secretario de Hacienda, Sr. Descartes, la sometió a la Asamblea Legislativa con todo su respaldo y defendió, como una disposición de alivio en beneficio del contribuyente. Una pérdida neta en operaciones de 1960 retrotraída por ley a 1959 es un renglón legítimo de deducción contra el ingreso al determinarse la contribución para este año, según la Sec. 23 (s). A la luz de la Sec. 272 (g) el Tribunal tiene facultad para considerar el hecho de una pérdida neta en operaciones para el año 1960 de modo que pueda determinar *correctamente* la contribución de 1959. No es, pues, el caso de una reconvención ni de la determinación de un pago en exceso en año anterior o posterior que se pretende acreditar.

El contribuyente rindió su planilla en abril de 1961. La deficiencia para el año 1959 fue finalmente determinada en abril de 1962. Los hechos no nos convencen de que el Secretario de Hacienda no hubiera tenido "la oportunidad de *investigar* el año 1960 del contribuyente". De hecho lo abrió a investigación y le determinó ingreso. Al no notificarle deficiencias para el 1960 el trámite de la vista administrativa quedaba circunscrito a los años de 1958 y 1959. No obstante haber determinado ya un ingreso para abril de 1960 en exceso del declarado, el Secretario no notificó deficiencias para dicho año. Probablemente nunca las notifique si se considera que utilizó la propia cantidad objeto del robo como parte del

capital del contribuyente. Es lógico pensar que consideró que el ingreso total de 1960 pudo quedar absorbido por dicha suma de $60,000. De todos modos, el que no notificara deficiencia para el año 1960, pudiendo hacerlo, no puede privar al contribuyente de ejercer el importante derecho que le concede la Sec. 122, ni puede privar al Tribunal de la prerrogativa que le otorga la Sec. 272 (g). La norma legislativa ha ido atemperando el rigor anterior como puede verse por esta Sec. 272 (g) que también fue aquí una innovación en 1954, y por la norma que encarna la Ley Núm. 27 de 23 de mayo de 1963 enmendatoria del apartado (e) de dicha Sec. 272, la cual sirve de orientación.

Por supuesto, estamos ante un problema de meras alegaciones. No sostenemos aquí la existencia en los méritos de la pérdida neta. El contribuyente vendrá obligado a probar cumplidamente ante el Tribunal la ocurrencia de dicha pérdida así como la existencia de todos aquellos elementos y circunstancias, ajustes y excepciones aplicables por ley para que sea retrotraída. El Secretario, en el curso de la litigación, tiene todo su poder para atacar e impugnar la existencia de dicha pérdida con todos aquellos otros elementos que requiere la ley.

*Por los fundamentos anteriormente expuestos, fue correcta la determinación de la Sala de instancia de permitir la aludida enmienda a la demanda y en consecuencia se anula el auto de certiorari expedido.*